Teresa QUEENAN, Plaintiff,

v.

Margaret HECKLER, Secretary of Health & Human Services, Defendant.

No. 80 Civ. 4959(RO).

United States District Court, S.D. New York.

March 8, 1984.

Marc L. Ames, New York City, for plaintiff.

Rudolph W. Giuliani, U.S. Atty., New York City, for defendant; Jane E. Bloom, Asst. U.S. Atty., New York City, of counsel.

## OPINION AND ORDER

OWEN, District Judge.

This action is before me on plaintiff Teresa Queenan's motion to compel the Social Security Administration (S.S.A.) to make a determination on her claim for disability benefits. For the reasons set forward below, the motion is granted in part and denied in part.

Mrs. Queenan submitted the relevant application for disability benefits in January, 1979. The application was denied after a hearing before an Administrative Law Judge (ALJ). The SSA Appeals Council declined to reverse the ALJ's decision and plaintiff appealed to this Court. SSA belatedly recognized the inadequacy of the original hearing, which only lasted twelve minutes, and the case was remanded to the agency by stipulation. A new administrative hearing was held during the summer of 1982, after which the ALJ found that Mrs. Queenan was and is disabled within the meaning of the Social Security Act as of April, 1981, but not for the prior period between April, 1977 and April, 1981, as plaintiff had claimed. The Appeals Council rejected both the ALJ's recommendations

and again remanded for further tests and hearings.

█ Mrs. Queenan brought the instant motion to urge that I direct the Appeals Council to expeditiously resolve her case. She asserts that she can no longer bear the physical and financial burden of further tests and hearings and that her effort to obtain benefits has become an "administrative nightmare." While I am sympathetic to her plea that in the past five years the Social Security Administration should have been able to competently conduct a hearing to assess her claims, my authority to intervene on her behalf is somewhat limited. Absent a final decision by the SSA, I have no jurisdiction to review the agency's actions pursuant to 42 U.S.C. § 405(g), but some jurisdiction and power to act does flow from the mandamus provisions of 28 U.S.C. § 1361, as discussed in *White v. Mathews*, 559 F.2d 852 (CA2 1977).

On the present record, I do not hesitate in finding that mandamus is appropriate here. The agency's errors, with their consequent delay in the processing of Mrs. Queenan's claim, have been so unreasonable as to violate the agency's clear duty, pursuant to section 205(b) of the Social Security Act[1], to provide a reasonable opportunity for a hearing and to "act on the evidence adduced at the hearing." As discussed below, Mrs. Queenan clearly established her right to benefits for the period from April, 1981 to the present. Finally, because of Mrs. Queenan's infirmities and the obvious burden of the further proceedings which the appeals council has now directed, if there is no intervention at this point any remedy provided through proceedings on remand will, realistically, be meaningless. See, *Hadley Memorial Hospital v. Schweiker*, 689 F.2d 905 (CA10

1982). Mandamus is an important means to correct abuses of discretion by an administrative agency when other relief would be inadequate to protect the rights of those injured by the agency's action. *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). Violations of a statutory duty, such as the appeals counsel's failure to act in accord with the provisions of Section 205(b), have often been held to be abuses of discretion correctable by mandamus. *Jackson v. Weinberger*, 407 F.Supp. 792 (W.D.N.Y.1976).

While I find no fault with S.S.A.'s determination that the administrative record on the period from 1977 to 1981 is so inadequate as to require further proceedings regarding Mrs. Queenan's condition in those years, the Appeals Council's rejection of the ALJ's recommendation to award benefits beginning in April, 1981, on the grounds that the recommendation draws no support from the record and is "not in accord with established regulatory criteria", is so clearly contradicted by the record that I am obliged to find that it constitutes an abuse of discretion.

The uncontradicted evidence in the administrative record supports the ALJ's finding of disability as of April, 1981. This includes medical reports and letters from treating physicians dating back to early 1981 stating, *inter alia*, that Mrs. Queenan: is "incapable of being gainfully employed" (Exhibit 42 to the June 30, 1982 hearing transcript), is "disabled" (Exhibit 46); is "totally disabled from gainful employment" (Exhibit 47); "would not be able to sustain gainful employment in her present condition and ... should seriously be considered a candidate for disability" (Exhibit 49). A vocational evaluation performed by a certified rehabilitation counsel-

---

1. This section reads:

The Secretary is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Upon request by any such individual or upon request by a wife, divorced wife, widow, surviving divorced wife, surviving divorced mother, husband, widower, child, or parent who makes a showing in writing that his or her

rights may be prejudiced by any decision the Secretary has rendered, he shall give such applicant and such other individual reasonable notice and opportunity for a hearing with respect to such decision, and, if a hearing is held, shall, on the basis of evidence adduced at the hearing, affirm, modify, or reverse his findings of fact and such decision. 42 U.S.C. § 405(b).

or in March and April of 1982 concludes as follows:

> Given Ms. Queenan's age, education, past work experience, her transferable skills, and the results of the Vocational Evaluation performed on this claimant, it is my opinion as a Vocational Expert that Ms. Queenan is unable to perform any substantial gainful activity existing in the local or national economy on a sustained basis.

Exhibit 61 to the June 30 hearing transcript.

This evidence of plaintiff's post-1981 condition was amply supported by testimony at the June 30 administrative hearing. See, for example, the testimony of Dr. Justin Kaufman ("It's my opinion that this patient has a total medical impairment." Transcript at P. 23.)

■ In a case where there is no substantial evidence to the contrary, the expert opinions of treating physicians are binding on the fact-finder. *Bastien v. Califano,* 572 F.2d 908, 912 (2d Cir.1978); *Gold v. Secretary of Health, Education and Welfare,* 463 F.2d 38, 42 (2d Cir.1972). Because there is no contrary evidence, and because the opinion of the ALJ is consistent with this overwhelming evidence of disability, I find that Mrs. Queenan clearly established her entitlement to benefits as of April, 1981.

■ The second basis of the Appeals Council's decision is that the ALJ neglected to cite regulatory authority for his recommendation. It is a strange policy to deny benefits to a claimant who has established her entitlement with uncontradicted evidence solely on the grounds that the presiding ALJ neglected to list all the appropriate regulations. In this case, however, it is unnecessary to grapple with such an issue because the ALJ *does* cite, on the second page of his decision, the regulations that are the basis of a finding that Mrs. Queenan lacks the residual functional capacity to perform any work and is therefore disabled.

The uncontradicted evidence shows that she had not engaged in gainful activity for over a year prior to the relevant period. The record also supports a finding that Mrs. Queenan's impairment prevents her from performing past relevant work. It is clear from the ALJ's questioning of the vocational expert at the June 30 hearing that, after making the findings required by § 404.1520, he found Mrs. Queenan's residual functional capacity so limited as to render her totally disabled. This is the required finding under 20 C.F.R. § 404.1545, which the ALJ lists as one of the statutory bases for his decision. At one point, I note, the ALJ posed two hypothetical questions for the expert. The first hypothetical obviously represented the ALJ's specific findings regarding Mrs. Queenan's condition before April, 1981, and the latter her condition after April, 1981. The second of these queries is clearly designed to answer the questions posed by § 404.1545:

> Q. Assume that the Claimant, with respect to her residual functional capacity, is unable to sit for longer than an hour, assume she's unable to lift at all. And that walking and standing were limited to 15–20 minutes a piece.
>
> A. How many minutes—
>
> Q. 15 or 20 minutes of each. She's unable to, or finds it difficult, to grasp, in other words manipulate her hands and fingers. Additionally, because she suffers from some anxiety and depression for which she's receiving treatment, she finds it difficult to think and reason and otherwise make personal, social and/or occupational adjustments. Additionally she experiences pain which is both localized and radiated into her extremities. Additionally, her medication causes her some side effects, specifically drowsiness.
>
> Now these are the conditions that make her unable to sit for say longer than an hour or so, prevent her from standing or walking around for more than 15 or 20 minutes, and prevent her from lifting anything.
>
> Now, based on the Claimant's age, education, her past work history, and the

residual functional capacities that I just set forth, what occupations can she perform.

A. I would say, none, Your Honor. With these kinds of limitations.

(Hearing transcript, P. 64)

 The appeals council's failure to adopt the ALJ's finding that Mrs. Queenan was totally disabled as of April, 1981, must, in the present context, be viewed as an abuse of the discretion granted under the Social Security Act. After over four years of delay, SSA owed Mrs. Queenan more than this peculiar and inaccurate reasoning in order to deny her benefits pending further tests and hearings. The agency is therefore directed to adopt the ALJ's ruling that Mrs. Queenan was disabled as of April, 1981, and award her the benefits to which she is entitled as of that date.

So ordered.

---

**J.D. SPENCER, Jr., Plaintiff,**