Donna G. PIERCE, Plaintiff,

v.

Margaret M. HECKLER, Defendant.

No. CIV 83–0754 TUC ACM.

United States District Court,
D. Arizona,
Tucson Division.

Sept. 26, 1985.

Brian I. Clymer, Tretschok, McNamara & Clymer, Tucson, Ariz., for plaintiff.

Dennis J. Mulshine, Asst. Regional Atty., Region 9, San Francisco, Cal., and Don B. Overall, Asst. U.S. Atty., Tucson, Ariz., for defendant.

## ORDER

MARQUEZ, District Judge.

This case is before the court on the plaintiff's motion for an order in the nature of mandamus pursuant to 28 U.S.C. § 1361.

The plaintiff apparently was injured on September 3, 1981 in an automobile accident. On June 3, 1982 she submitted applications for disability benefits and supplemental security income benefits. The Administrative Law Judge (ALJ) found plaintiff not to be disabled and denied benefits. On September 15, 1983 the Appeals Council approved the denial of benefits. This action was then commenced.

On June 15, 1984 the magistrate recommended that the case be remanded to the Appeals Council to consider plaintiff's ability to work. It was also suggested that testimony from a vocational expert should be obtained. On July 18, 1984 this court adopted the magistrate's recommendation and remanded the case with instructions.

Pursuant to the remand order, on February 14, 1985 an evidentiary hearing was held by an ALJ. At the hearing two doctors and a vocational expert testified. On April 5, 1985 the ALJ issued his recommendation that plaintiff be found disabled from September 3, 1981 to December 1983 and entitled to benefits through February 29, 1984. Both parties took exception to this finding. Plaintiff contends that she is disabled up to the present. The Secretary contends that she is not and was not disabled.

The Appeals Council reviewed the case and re-remanded the action to the ALJ for further testimony. The Appeals Council

directed that the testimony of the vocational expert be given in the form of hypothetical questions and that the ALJ consider the issue of pain. The Appeals Council did not discuss the question of whether the plaintiff was entitled to disability benefits beyond February 29, 1984 under plaintiff's claim of a trial work period. Plaintiff then filed this instant motion seeking an order requiring payment of disability benefits up to and including the present.

The Secretary contends that the Appeals Council was acting within its authority under 20 C.F.R. §§ 404.983; 404.977(e)(2); 416.1483; and 416.1477(e)(2). These regulations allow the Council to remand for additional evidence if it finds such additional evidence to be necessary.

■■■ The Appeals Council does not have unlimited discretion to remand a case. *See, Queenan v. Heckler,* 581 F.Supp. 1216 (S.D.N.Y.1984). The court has examined the administrative record in this matter and finds an abuse of discretion in the re-remand order of the Appeals Council.

The re-remand order states: "it is for the administrative law judge to assess the credibility of the complaints of pain and the limitations resulting therefrom." Later the Appeals Council re-remand order continues: "The administrative law judge shall made [Sic] specific findings as to the credibility of the complaints of pain under the above standard."

The recommendation of the Administrative Law Judge included an extensive analysis of the plaintiff's subjective claims of pain. The ALJ reached the conclusion that despite plaintiff's subjective claims, "the undersigned is of the opinion that the work in question refutes the evidence of the pain and discomfort being so significant that it precluded substantial gainful activity." (Administrative Law Judge's decision at page 10).

It is difficult for this court to determine what a re-review of the evidence of pain could provide. The record establishes that the ALJ extensively considered the issue of pain and rejected it as being sufficient to show disability. It was upon this conclusion that the ALJ determined that the plaintiff's disability ended after she began employment in December, 1983.

The Appeals Council also took exception with the manner in which the ALJ examined the vocational expert. The re-remand order directs the use of hypothetical questions based on varying degrees of pain. Again, in light of the ALJ's rejection of the existence of sufficient pain to establish disability, the court fails to understand the relevance of this type of questioning.

The transcript of the proceedings shows that the vocational expert, present on behalf of the administration, observed two and one half hours of medical testimony. The medical testimony was by two separate doctors, one the plaintiff's treating physician and the other appearing on behalf of the administration. Both physicians agreed that the plaintiff had physical problems from the date of the accident until a second surgical operation in 1983. Both doctors agreed that pain would certainly be present up to that time. Not until the second operation was much of the pain relieved and movement of the arm and shoulder restored. It was based on these undisputed facts that the vocational expert concluded that the plaintiff was unable to perform even sedentary levels of work due to the lack of motion in her dominant hand and arm.

Although the testimony of the vocational expert was brief, the expert indicated that his conclusion as to this individual had been reached based on the medical testimony. It does not appear that that opinion would change based on hypothetical questions regarding varying levels of pain. This is particularly true here as the ALJ substantially eliminated pain as being the basis of his decision.

The plaintiff has endured two full evidentiary hearings with regard to her claims. The Appeals Council did not remand for only a portion of the case to be redeveloped. Rather, the re-remand order re-

quires a complete new hearing. The plaintiff is entitled to a determination of her claim on the merits at this point.

The constant remanding and re-remanding of cases based on this type of record accomplishes little. It only has the effect of delaying the inevitable determination on the merits. From the re-remand order in this case, it is apparent that the Appeals Council disagreed with the ALJ's conclusion with regard to the influence of pain. The largest portion of the re-remand order is devoted to this subject.

The Administrative Law Judge thoroughly considered and decided this issue. If the Appeals Council disagrees with that conclusion, the proper method of ruling on the decision is to reverse the ALJ. A remand to merely reconsider a decision already based on substantial evidence is a clear abuse of the remand authority.

It must be concluded then that the re-remand order in this case was improper. The plaintiff is entitled to a decision on her claim on its merits. The court, however, does not agree with the plaintiff that this court should determine the merits and order benefits to be paid from the date of the accident to the present. The Appeals Council did not address the question of whether or not the employment in December, 1983 amounted to a trial work period. Nor has the Appeals Council determined whether the ALJ was correct in his other decisions. The Appeals Council should be given such an opportunity, at this point in the case, to determine these issues on the merits.

IT IS ORDERED that the re-remand order of the Appeals Council issued in this case is vacated.

IT IS FURTHER ORDERED that this action is remanded to the Appeals Council with instructions to either reverse, affirm or modify the decision of the Administrative Law Judge within 45 days from the date of this order.