Chester THOMAS, Plaintiff,

v.

Otis R. BOWEN, Secretary, Department of Health and Human Services, Defendant.

No. C88–312R.

United States District Court,
W.D. Washington,
at Seattle.

Aug. 2, 1988.

Peter H.D. McKee, Le Gross, Buchanan, Paul, Prescott & Whitehead, Seattle, Wash., for plaintiff.

Charles Pinnell, Asst. U.S. Atty., Seattle, Wash., for defendant.

## ORDER VACATING AND REMANDING DECISION OF SECRETARY

ROTHSTEIN, Chief Judge.

THIS MATTER comes before the court on defendant's motion to dismiss and plaintiff's motion to amend his complaint. Having reviewed the motions, together with all documents filed in support and in opposition, and being fully advised, the court finds and rules as follows:

## I. FACTS

On May 30, 1986, plaintiff Chester Thomas applied for Social Security and Supplemental Security Income disability benefits. Thomas suffers from a degenerative disease of the central nervous system, parenchymatous cerebellar degeneration. Hearing officers for the Social Security Administration initially and on reconsideration denied Thomas' application. Thomas appealed, and on February 17, 1987, visiting Administrative Law Judge Saul A. Wieselthier ("ALJ") reviewed Thomas' request for benefits and the prior denials. On May 29, 1987, the ALJ issued his decision, finding that Thomas was disabled beginning on October 6, 1986.

On July 14, 1987, Thomas filed a timely request for review of the ALJ's decision with the Social Security's Appeals Council, contesting only the ALJ's finding that the onset of the disability was October 6, 1986. Thomas claimed that his disability began some three years earlier in July, 1983. For six months, from July 14, 1987 until January 11, 1988, the appeals counsel took no action on Thomas' appeal. On January 11, 1988, however, without notice to Thomas, the Appeals Council vacated the ALJ's finding of disability and remanded the entire case to the Seattle office of Hearings and Appeals. The Appeals Council as a consequence did not address the onset date of Thomas' disability. Thomas learned of the Appeals Council's decision on February 11, 1988, and on March 9, 1988, he filed this action for relief from the Appeals Council's judgment. Defendant Secretary of the Department of Health and Human Services ("the Secretary") now moves to dismiss this matter, and plaintiff moves to amend his complaint.

## II. DISCUSSION

### A. PROCEDURES FOR APPEALS COUNCIL REVIEW

■ The Secretary contends that since the Appeals Council remanded Thomas' claim to an ALJ, the Secretary has not rendered a final decision on his request for benefits. As a result, according to the Secretary, 42 U.S.C. § 405 does not authorize judicial review of the Appeals Council's decision. Thomas disputes this conclusion, arguing that the Appeals Council's actions in his case violated his right to due process as well as applicable federal regulations. According to Thomas, the United States Supreme Court has created an exception to the requirement of a final decision, permitting review of alleged constitutional violations which are collateral to his claim for benefits. *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). To evaluate both parties claims, however, the court finds it necessary first to review the regulations and procedures which govern the Appeals Council's review of an ALJ's decision, and then to determine whether the Secretary followed those procedures here.

Both the claimant and the Appeals Council may initiate review of an ALJ's ruling within 60 days of receipt of the decision. If a claimant seeks review, he or she must file a written request with the Appeals

Council with the 60–day limit. 20 C.F.R. § 404.968. Conversely, if the Appeals Council initiates review, it must follow a similar procedure:

[a]nytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken. If the Appeals Council does review the hearing decision or dismissal, notice of the action will be mailed to all parties at their last known address.

20 C.F.R. § 404.969. Both claimant and Appeals Council must give written notice of their appeal within 60 days, but if the Appeals Council decides to review a case, it also "shall mail a notice to all parties at their last known address stating the reasons for review and the issues to be considered." 20 C.F.R. § 404.973.

The Appeals Council may deny or dismiss a claimant's request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge. 20 C.F.R. § 404.967. Once the Appeals Council decides not to review a decision, that decision becomes binding and constitutes a final decision for purposes of 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981. In sum, the regulations which govern review by the Appeals Council establishes corresponding procedures, each with 60–day time limits, for initiating further review of an ALJ's decision.

With these procedures in mind, the court finds unrefuted evidence in this matter that the Appeals Council violated its own regulations. First, the Appeals Council did not give notice within 60 days of its decision to review the entire disability decision, § 404.969, nor did it give notice of the reasons for review and the issues to be considered, § 404.973. Second, the request by Thomas for review of a limited issue— the onset date of his disability—did not authorize the Appeals Council to review the entire decision, including the underlying finding of disability. In *Powell v. Heckler,*

789 F.2d 176 (3rd Cir.1986), the Third Circuit examined the scope of Appeals Council review and concluded that,

the unembellished language of § 404.969 entitles claimants to notice within 60 days where the Appeals Council plans a review. There is nothing on the face of § 404.969 which absolves the Council of its selfimposed duty to provide timely notification of review simply because the claimant has previously filed for reconsideration under § 404.967. When the review anticipated by the Council is to be substantially greater than, or entirely different from that requested, such notice albeit "counternotice" of a sort, is neither redundant nor superfluous but rises to the level of necessity.

*Powell* 789 F.2d at 178 [1]; *see also Kennedy v. Bowen,* 814 F.2d 1523, 1527 (11th Cir. 1987) (notice requirement under § 404.973 applies equally to review initiated by claimant or the Appeals Council).

The Appeals Council in its order remanding case to an administrative law judge, justified its *sua sponte* review of the disability ruling with the following rationale:

the Administrative Law Judge's notice of decision clearly shows that if the Appeals Council granted the claimant's request for review, it would review the entire record, including those parts which he thinks are correct, and might make them unfavorable or less favorable to him.

Order of Appeals Council, dated January 11, 1988, exhibit 2 to Affidavit of Rosalyn C. Taylor, filed May 27, 1988. On the cover sheet to the ALJ's decision, the Secretary warns claimants that,

[w]hen you appeal, you request the Appeals Council to review the decision. If the Appeals Council grants your request, it will review the entire record in your case. It will review those parts of the decision which you think are wrong. It will also review those parts which you think are correct and may make them

**1.** The court in *Powell* ruled on facts identical to those here: claimant had petitioned for review only of the date of onset for his disability, yet the Appeals Council vacated the entire decision and did not review the issue presented by claim-

ant. The Third Circuit reversed, and directed the District Court to remand the case to the Secretary for the purpose of determining the date of onset. *See Powell,* 789 F.2d at 178–179.

unfavorable or less favorable to you. You will receive a new decision.

Notice of Favorable Decision, dated May 29, 1988, Exhibit 1 to Taylor Affidavit, *supra.* The Appeals Council considered this warning sufficient to dispense with the required notice.

■ This court finds the Secretary's warning to be misleading and contrary to the Department's regulations. With this one paragraph, the Secretary attempts to parlay claimant's appeal of a limited issue into a general waiver of the right to timely notice of the issues which the Appeals Council intends to address. However, both § 404.969 and § 404.973 require the Appeals Council to provide notice to claimant that it shall review particular issues other than those requested or the entire decision itself. This court finds the Secretary's warning fundamentally unfair, predicating appellate review on claimant's waiver of notice, and therefore the court does not consider the Secretary's warning to be an adequate defense to the lack of notice here. *Cf. McCuin v. Secretary of Health and Human Services*, 817 F.2d 161, 172 (1st Cir.1987) (finding cover sheet to ALJ's decision misleading and invalid notice of Appeals Council's ability to reopen decisions).

Thus, the Appeals Council's *sua sponte* review of Thomas' favorable decision violated the governing regulations, and as a consequence, denied Thomas both notice of the Council's action and the opportunity to be heard.

> When an appeals council *sua sponte* and without notice expands the scope of its review in this manner, the council typically finds the claimant off guard and unprepared. Understandably, the claimant has not tendered evidence in support of the favorable finding nor has the claimant addressed the unanticipated legal issues in his or her brief. Such action not only severely disadvantages the claimant's case, it also works to the detriment of the appeals council. The reliability of a council's decision is undermined

when a council decides an appeal on less than all the relevant evidence and legal arguments as is the case when a council acts in this manner.

*Kennedy*, 814 F.2d at 1525–26. The Secretary now contends, however, that this court does not have jurisdiction over the subject matter of this suit.

### B. JURISDICTION

■ The Secretary argues that since the Appeals Council remanded Thomas' claim to an ALJ, the Secretary has not rendered a final decision in his case. Under 42 U.S. C. § 405(g), claimants may appeal only final decisions. *See also* 42 U.S.C. § 405(h) (precluding review under federal question jurisdiction). The Secretary concludes that this court does not have jurisdiction over Thomas' complaint and accordingly, § 405 mandates dismissal.

In response, Thomas contends that the United States Supreme Court has permitted review of alleged constitutional violations which are collateral to a claim for benefits. *Califano v. Sanders*, 430 U.S. at 109, 97 S.Ct. at 986; *Matthews v. Eldridge*, 424 U.S. at 326, 96 S.Ct. at 898.

> Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions.

*Califano v. Sanders*, 430 U.S. at 109, 97 S.Ct. at 986. Thomas alleges that this court maintains jurisdiction over his claim that the Appeals Council violated his right to due process.

The court finds that it has jurisdiction under § 405, making an exception to the requirement of a final decision unnecessary.[2] By allowing the 60–day time limit to expire without giving notice of its intent to review the ALJ's entire decision, the Appeals Council lost the ability to consider any issues beyond those presented by Thomas.

> Once the 60–day period during which the Appeals Council may itself decide to re-

---

**2.** For the same reason, this court does not decide whether it maintains mandamus jurisdiction under 28 U.S.C. § 1361. Consequently, plaintiff's motion to amend his complaint is STRICKEN as moot.

view a hearing decision has expired, § 404.969 serves to bar the Appeals Council from delving into issues not appealed by claimant.

*Chrupcala v. Heckler,* 829 F.2d 1269, 1273 (3rd Cir.1987). The Supreme Court recently affirmed that the 60-day period in § 405 is not jurisdictional, but rather constitutes a period of limitations. *Bowen v. City of New York,* 476 U.S. 467, 478, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986). This court finds no meaningful distinction between the 60-day limit of § 405 and that of § 404.969 and therefore, rules that § 404.969 requires the Appeals Council to notify claimant of its intent to review part or all of a decision within 60 days or else consider the decision binding under § 404.981.

Since the Appeals Council failed in Thomas' case to notify him of its intent to review his disability, the ALJ's finding of disability is now binding, a final decision. The sole issue properly before the Council was that raised by Thomas—whether his disability began on October 6, 1986 or in July, 1983. Therefore, the court finds that the Appeals Council had no authority to remand Thomas' case to an ALJ on the issue of his disability.[3] Since the Appeals Council did not address the onset of claimant's disability in its order of January 11, 1988, this court remands this matter to the Appeals Council for the limited purpose of deciding the issue raised by Thomas' appeal.

THEREFORE, defendant's motion to dismiss is DENIED. Plaintiff's motion to amend his complaint is STRICKEN. The decision of the Appeals Council is VACATED and this matter is REMANDED to the Secretary for the limited purpose of reviewing the onset date of claimant's disability.

---

**3.** As a consequence, further proceedings before an Administrative Law Judge would serve no purpose. Since the Appeals Council lacked jurisdiction over all claims other than those raised by Thomas, a second hearing on the issue of disability would be superfluous.