Kevin **WEEKS**, Plaintiff, Appellant,

v.

**SOCIAL SECURITY ADMINISTRATION COMMISSIONER, Defendant, Appellee.**

No. 00–1356.

United States Court of Appeals, First Circuit.

Submitted June 22, 2000.

Decided Oct. 17, 2000.

Francis M. Jackson and Jackson & Mac-Nichol on brief for appellant.

Jay P. McCloskey, United States Attorney, Arthur J. Fried, General Counsel, Charlotte J. Hardnett, Principal Deputy General Counsel, John M. Sacchetti, Associate General Counsel for Litigation, and Etzion Brand, Supervisory Attorney, on brief for appellee.

Before SELYA, Circuit Judge, CAMPBELL, Senior Circuit Judge, and BOUDIN, Circuit Judge.

Per Curiam.

Claimant Kevin Weeks applied for social security disability benefits and supplemental security income in March 1998, claiming to have become recently disabled. An administrative law judge ("ALJ") ruled in his favor. The Appeals Council, acting on its own motion, vacated the recommended decision and remanded for further proceedings. *See* 20 C.F.R. § 404.977(a) ("The Appeals Council may ... remand a case in which additional evidence is needed or additional action by the [ALJ] is required."). The remand or-der, explaining that the ALJ's findings were not supported by substantial evidence, identified four issues that needed further development and enumerated six specific actions for the ALJ to undertake. Claimant sought judicial review, but the district court dismissed for lack of jurisdiction, finding that the remand order was not a "final decision of the Commissioner" within the meaning of 42 U.S.C. § 405(g). Claimant now challenges this ruling on appeal.

Claimant states that there is no case law on point. In fact, various courts have held that an Appeals Council order remanding a case to the ALJ for further proceedings is not an appealable final decision. *See, e.g., Culbertson v. Shalala,* 30 F.3d 934, 937 n. 3 (8th Cir.1994); *Duda v. Secretary of Health & Human Servs.,* 834 F.2d 554, 555 (6th Cir.1987) (per curiam); *Dawson v. Sullivan,* 136 F.R.D. 621, 623 (S.D.Ohio 1991); *accord* 4 *Social Security Law & Practice* § 55:28 (Matthew J. Canavan et al. eds., Supp.1994); *cf. Director, O.W.C.P. v. Bath Iron Works Corp.,* 853 F.2d 11, 12–16 (1st Cir.1998) (holding that order of Benefits Review Board remanding case to ALJ was not appealable "final order" under 33 U.S.C. § 921(c)).

Claimant provides no reason to reach a different result. Contrary to his assertion, the agency regulations draw a clear distinction between a "decision" and a "remand" in this context. *See, e.g.,* 20 C.F.R. § 404.979 ("the Appeals Council will make a decision or remand the case to an [ALJ]"); *id.* § 404.901 (defining the two terms separately); *accord* Carolyn A. Kubitschek, *Social Security Disability* § 6:43, at 401–02 (1994) ("When the Appeals Council has granted review of a claim, it has several dispositional options. First, it may remand the claim to the ALJ for a new hearing or for further consideration.... The second option of the Appeals Council is to issue a final decision on the claim.") (footnote omitted).

Nor does claimant derive any support from *Forney v. Apfel,* 524 U.S. 266, 118

S.Ct. 1984, 141 L.Ed.2d 269 (1998). The issue there—whether a remand order entered by a *district court* is appealable under 28 U.S.C. § 1291—implicates entirely separate concerns. Indeed, the Court cited *Director, O.W.C.P.* and related cases and, rather than casting doubt on their validity, distinguished them on the ground that they "arose in less closely analogous circumstances." 524 U.S. at 272, 118 S.Ct. 1984. *Forney* is thus inapplicable.

For these reasons, which were set forth at greater length by the magistrate judge, we conclude that an order of the Appeals Council vacating an ALJ's recommended decision and remanding for further proceedings is ordinarily not an appealable final decision.[1]

*Appeal dismissed.*

1. Whether a different result might obtain where the Appeals Council's action is challenged on constitutional or related procedural grounds, *see Thomas v. Bowen*, 693 F.Supp. 950, 953–54 (W.D.Wash.1988), or whether such a challenge *might give rise to some other form of relief, see Pierce v. Heckler*, 620 F.Supp. 320 (D.Ariz.1985), are matters that need not be determined here. Similarly, we need not decide whether other exceptions may exist (*e.g.*, based on a showing of grave hardship). *Cf. Director, O.W.C.P.*, 853 F.2d at 14.