IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

February 07, 2024 02:57 PM
SCT-Civ-2020-0106
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| **UNITED STEELWORKERS LOCALS 9488 and 9489**<br>    Appellant/Plaintiff,,<br><br>v.<br><br>**GOVERNMENT OF THE VIRGIN ISLANDS, DIVISION OF PERSONNEL, and PUBLIC EMPLOYEES RELATIONS BOARD**<br>    Appellee/Defendant. | ) **S. Ct. Civ. No. 2020-0106**<br>) Re: Super. Ct. Case. No. SX-2015-CV-00260<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Croix
Superior Court Judge: Hon. Renée Gumbs Carty

Argued: December 14, 2021
Filed: February 7, 2024

Cite as: 2024 VI 9

BEFORE:    **RHYS S. HODGE**, Chief Justice; **MARIAM. CABRET**, Associate Justice; and
**IVE ARLINGTON SWAN,** Associate Justice.

APPEARANCES:

**Ryan C. Stutzman, Esq.**
St. Croix, U.S.V.I.
    *Attorney for Appellant,*

**Zuleyma M. Chapman, Esq.**
St. Croix, U.S.V.I.
    *Attorney for Appellee Gov't. of the V.I, Div. of Personnel,*

**Henry C. Smock, Esq.**
**Larry Raymond-Roy, Esq.**
St. Croix, U.S.V.I.
    *Attorneys for Appellee PERB.*

## OPINION OF THE COURT

**CABRET, Associate Justice**

*United Steelworkers v. Gov't (DOP) & The PERB*    2024 VI 9
S. Ct. Civ. No. 2020-0106
Opinion of the Court
Page 2 of 14

¶ 1    United Steelworkers Locals 9488 and 9489 ("USW") appeals from a memorandum opinion and order of the Superior Court, where, on writ of review, the court affirmed a decision of the Public Employees Relations Board (the "PERB"). The decision from the PERB excluded Ms. Kathleen Simmonds ("Simmonds") and Ms. Millicent Aubain ("Aubain") from a collective bargaining unit due to their status as confidential employees. As the PERB's factual findings are supported by substantial evidence, this Court affirms the Superior Court's order.

## I.    FACTUAL & PROCEDURAL BACKGROUND

¶ 2    On January 15, 2008, the Government of the Virgin Islands' Division of Personnel ("DOP"), through the Office of Collective Bargaining ("OCB"), filed a petition for unit clarification with the PERB. (JA 16).[1] The DOP sought to clarify whether certain positions should be excluded from a collective bargaining unit. (JA 16, 58). The PERB is responsible for hearing unit clarification petitions pursuant to 24 V.I.C. §§ 365, 379. The USW, as the bargaining representative for certain employees within the DOP, is party to the master collective bargaining agreement at issue. (JA 18). The DOP's petition for unit clarification alleged that six positions within the bargaining unit should be excluded, as the employees holding these positions handle confidential labor matters, which could unfairly affect collective bargaining negotiations. (JA 16). The matter remained stagnant for some unexplained time, and a hearing was finally held on March 10th and 11th, 2014. (JA 17, 54, 80).

---

[1] The petition for unit clarification is the document that began the case before us. Appellant inexplicably failed to include the petition in the appendix. The appellant *must* "prepare and file an appendix to the briefs which shall contain... relevant portions of the... parts of the record referred to in the briefs at such length as may be necessary to preserve context." V.I. R. APP. P. 24(a). It is also "the *joint responsibility* of the parties to ensure that the contents of the joint appendix are sufficient to enable review[,]" *Fontaine v. People*, 56 V.I. 660, 665 n.2 (V.I. 2012) (emphasis kept) and therefore the appellee(s) are just as responsible for deficiencies within the appendices. Deficient appendices waste scarce judicial resources and delay the appellate process for litigants seeking redress in courts of the Virgin Islands. To protect the appellate process, the failure to follow this Court's rules regarding appendices will result in sanctions against the appellant or his counsel or appellee or its counsel. *Id.*

*United Steelworkers v. Gov't (DOP) & The PERB*     2024 VI 9
S. Ct. Civ. No. 2020-0106
Opinion of the Court
Page 3 of 14

¶ 3     The PERB issued a decision and order on June 29, 2015, (JA 16-48), holding that certain positions within the Recruitment and Classification Unit of the DOP, specifically the "Supervisor, Recruitment and Classification position, and the Territorial Administrator, Recruitment and Classification position," are excluded from the bargaining unit. (JA 42-44). Simmonds as the Supervisor, and Aubain as the Territorial Administrator, are directly affected by the PERB's decision. They are each other's counterparts, performing substantially the same duties, with Simmonds located on Saint Croix, and Aubain on Saint Thomas. (JA 56-58, 168) (Appellant's Br. at 8).

¶ 4     The PERB found that Simmonds, as Supervisor, is "given wide latitude to perform her duties and exercises independent judgment." (JA 42). Specifically, the PERB found that these duties include evaluating applicants for positions within the DOP, developing job specifications and rating jobs for grade and step (which affects the salary of those positions, including those within the USW bargaining units), investigating personnel matters, and handling labor relations issues. (JA 42). The PERB also found that Simmonds assists in all agency personnel matters, and that she interprets and implements personnel rules/regulations, including applicable provisions of collective bargaining agreements. (JA 42-43). The PERB concluded that Simmonds is privy to confidential labor related information that is not already known to the union. (JA 43).

¶ 5     As Simmonds' counterpart on Saint Thomas, the PERB similarly found that Aubain is also privy to confidential labor related information not known to the union. (JA 43-44). "The Director [of the Unit] testified that Ms. Aubain is his 'right hand' and has a broad scope in making decisions regarding what grade a position falls in and what qualifications should be included or excluded from a job description, and she administers promotional examinations." (JA 43). Due to these findings, both Simmonds and Aubain were excluded from the bargaining unit. (JA 43-44).

*United Steelworkers v. Gov't (DOP) & The PERB*   2024 VI 9
S. Ct. Civ. No. 2020-0106
Opinion of the Court
Page 4 of 14

¶ 6    Following the PERB's determinations, USW filed a petition for review in the Superior Court and filed its brief on April 12, 2019. (JA 290 [part of SJA]). The Superior Court issued a memorandum opinion and order which was entered by the clerk on August 19, 2020, agreeing with the PERB's finding that Simmonds and Aubain each satisfy the requirements for being "confidential employees," due to their involvement in setting parameters for hiring, determining eligibility for employees, and inputting data for salaries and job descriptions, which directly affect labor relations. (JA 13). The Superior Court enforced the PERB's order.

¶ 7    USW timely filed this appeal on October 19, 2020. (Notice of Appeal: Docket Entry 1 of 31) (Appellant's Br. at 1). *See* V.I. R. APP. P. 5(a)(1) (60-day time limit when government is a party to the appeal).

## II.    JURISDICTION AND STANDARD OF REVIEW

¶ 8    Title 4, subsection 32(a) of the Virgin Islands Code states that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." A final order ends litigation on the merits, leaving nothing else for the court to do except execute the judgment. *Estate of Skepple v. Bank of Nova Scotia*, 69 V.I. 700, 714 (V.I. 2018). "Because the Superior Court's [August 13, 2020,] Order ended the litigation on the merits, it constitutes a final judgment; therefore, this Court possesses jurisdiction over this appeal." *Pub. Emps. Rel. Bd. v. United Indus. Workers-Seafarers Int'l Union*, 56 V.I. 429, 433 (V.I. 2012).[2]

---

[2] The Superior Court derives its jurisdiction to review the order of the PERB from 24 V.I.C. § 380(a) ("Any party aggrieved by any final order of the PERB... may appeal to the Superior Court of the Virgin Islands....") (JA 2). *See also* Appellant's Br. at 1). However, § 380(d) states that "[t]he Federal District Court of the Virgin Islands shall have appellate jurisdiction of any decision of the Superior Court made pursuant to this chapter unless otherwise prohibited by law." The reference to the District Court in § 380(d) was implicitly repealed by the establishment of the Supreme Court of the Virgin Islands in 2007, and we therefore have jurisdiction. *See Beachside Assocs., LLC v. Fishman*, 54 V.I. 418, 421 n.3 (V.I. 2010) ("[R]eferences to the 'district court' enacted prior to the subsequent reduction in the

*United Steelworkers v. Gov't (DOP) & The PERB*    2024 VI 9
S. Ct. Civ. No. 2020-0106
Opinion of the Court
Page 5 of 14

¶ 9    "Questions of law receive plenary review." *Williams-Jackson v. Pub. Emps. Rel. Bd.*, 52 V.I. 445, 450 (V.I. 2009). In this case, "we review questions of fact to ascertain whether the PERB's factual determinations are supported by 'substantial evidence in the record considered as a whole.'" *Id.* (quoting 3 V.I.C. § 530a(b)). *See* 24 V.I.C. § 380(b). "Substantial evidence is such 'evidence that a reasonable mind would accept as adequate to support an agency's conclusion.'" *Williams-Jackson*, 52 V.I. at 450 (quoting *Lockhart v. Matthew*, 203 F. Supp. 2d 403, 412–13 (D.V.I. 2002) (quoting *Atl. Limousine, Inc. v. NLRB*, 243 F.3d 711, 718 (3d Cir. 2001)).

## III.    DISCUSSION

¶ 10    On appeal, USW argues that the Superior Court erred in enforcing the PERB's order, which excluded Simmonds and Aubain from the bargaining unit. (Appellant's Br. at 1-2). USW asserts that Simmonds and Aubain do not have the independence and discretion that the PERB found them to have. USW specifically asserts that Simmonds and Aubain are not as involved in decision making, developing job specifications, and rating jobs or employee eligibility as the PERB found, and that they never handle labor related issues. For these reasons, USW maintains that Simmonds and Aubain are not confidential employees and should not be excluded from the bargaining unit. (Appellant's Br. At 6-10). This Court disagrees.

### A.    Applicable Law

¶ 11    In 1980, "[t]he Virgin Islands legislature enacted PELRA [the Public Employee Labor Relations Act] to 'provide for orderly and constructive relationships between public employers and their employees.' PELRA sets out the rights of public employees regarding labor

---

District Court's jurisdiction over purely local matters ha[ve] been implicitly repealed.") (citing *Parrott v. Gov't of the V.I.*, 230 F.3d 615 (3d Cir. 2000)). *See also Der Weer v. Hess Oil Virgin Islands Corp.*, 64 V.I. 160, 168 (V.I. Super. Ct. 2016) ("[T]he Legislature never comprehensively revised the Virgin Islands Code to remove the remaining (and sometimes inconsistent) references to the District Court of the Virgin Islands.").

*United Steelworkers v. Gov't (DOP) & The PERB*   2024 VI 9
S. Ct. Civ. No. 2020-0106
Opinion of the Court
Page 6 of 14

organizations." *Gomez v. Gov't of the V.I.*, 882 F.2d 733, 736–37 (3d Cir. 1989) (citing 24 V.I.C. §§ 361, 363). PELRA also "provides for the creation of the ... PERB, and gives PERB the power to certify and decertify representatives of appropriate bargaining units, establish rules, conduct hearings, and carry out other duties, similar to those performed by the NLRB [(National Labor Relations Board)]." *Id.* at 737 (citing 24 V.I.C. §§ 364-366, 370-373). *See* 24 V.I.C. § 364 (creating the PERB on June 2, 1980). Pursuant to title 24, chapter 14 of the Virgin Islands Code, the Government declares that in order "to provide for orderly and constructive relationships between public employers and their employees" it "fully accept[s] the principle and procedure of collective bargaining" for public employees. 24 V.I.C. § 361. Chapter 14 further provides that "[s]ubject to the provisions of this chapter, public employees shall have and do have the right to . . . be represented by labor organizations and to engage in collective bargaining with the Government in the determination of the wages, hours, or other terms and conditions of employment and the administration of grievances arising thereunder." 24 V.I.C. § 363(b). The chapter defines the phrases "employee" and "public employee" as

> any person holding a position by appointment or employment in the service of a public employer, but does not include:
> (1)   persons holding elective office;
> (2)   political appointees exempt from the classified service by paragraph (8), subsection (b), section 451a of Title 3 of this Code;
> (3)   employees of the Legislature;
> (4)   judges in the judicial branch;
> (5)   Radiologists, anesthesiologists, psychiatrists, pulmonologists, gastroenterologists, internists, neurologists, urologists, hospitalists, cardiologists, nephrologists, and critical care physicians in the Governor Juan F. Luis Hospital and Medical Center and the Roy Lester Schneider Hospital and Community Health Care Center.

*United Steelworkers v. Gov't (DOP) & The PERB*   2024 VI 9
S. Ct. Civ. No. 2020-0106
Opinion of the Court
Page 7 of 14

24 V.I.C. § 362(g) (emphasis added).[3] In turn, title 3, section 451a(b)(8) provides that an exempt political employee is "an officer or employee in a position of a policy-determining nature when the position is so designated by the Governor and submitted to the Legislature; and an employee who is a special assistant, or who is on special assignment to, or whose position requires a confidential relationship with a policy-making official when the position is so designated by the Governor and submitted to the Legislature."

¶ 12   In its June 29, 2015 order, the PERB relied entirely on these Virgin Islands statutes to arrive at its decision excluding Simmonds and Aubain from the bargaining unit. Specifically, the PERB determined in its June 29, 2015 order that Simmonds and Aubain are not appropriate for inclusion in the bargaining unit because their positions "require[] a confidential relationship with a policy-making official" within the meaning of title 3, section 451a(b)(8), and that they were therefore not "public employees" due to the exclusion found in section 363(b)(2) of title 24.

¶ 13   The Superior Court, however, did not apply these Virgin Islands statutes in reaching its decision. Rather, it exclusively applied federal case law interpreting the federal National Labor Relations Act. The Superior Court adopted the "labor nexus test" adopted by the Supreme Court of the United States in *NLRB v. Hendricks County Rural Electric Membership Corp.*, 454 U.S. 170 (1981) for purposes of determining whether a confidential employee is entitled to participate in collective bargaining under the NLRA. It further adopted a decision of a federal appellate court that endorsed a narrow construction of what it means to be a confidential employee for purposes of the NLRA, so that a confidential employee may participate in collective bargaining under the

---

[3] The phrase "confidential employee" is also defined in section 362(q) as "those persons who assist and act in a confidential capacity to persons who formulate, determine, and effectuate management policies in the field of labor relations, as determined by the Public Employees Relations Board pursuant to section 370 of this chapter." However, neither the phrase "confidential employee"—nor even the word "confidential"—appears anywhere else in chapter 14 of title 24.

*United Steelworkers v. Gov't (DOP) & The PERB*  2024 VI 9
S. Ct. Civ. No. 2020-0106
Opinion of the Court
Page 8 of 14

NLRA if the confidential information the employee accesses is internal, routine, or administrative in nature. *See Westinghouse Elec. Corp. v. NLRB,* 398 F.2d 669 (6th Cir. 1968). The Superior Court then adopted the federal definition of "supervisor" found in the NLRA, which defines that term as encompassing

> any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

29 U.S.C. § 152(11). The Superior Court then proceeded to determine whether Simmonds and Aubain were confidential employees and supervisors pursuant to the above-referenced federal case law and federal statutes.

¶ 14   The Superior Court erred by failing to apply Virgin Islands law to this case. The August 19, 2020 opinion provides no explanation as why the Superior Court believed that these federal authorities provided the exclusive rule of decision in this case. However, it is likely that the Superior Court believed that it was required to apply the federal NLRA in lieu of the relevant Virgin Islands statutes because the Revised Organic Act of 1954 precludes the Virgin Islands Legislature from adopting legislation which is "inconsistent with... the laws of the United States made applicable to the Virgin Islands." 48 U.S.C. § 1574(a). But if this were the case, the Superior Court overlooked the fact that the federal NLRA expressly and unambiguously excludes public sector employers from the definition of "employer." *See* 29 U.S.C. § 152(2)("The term 'employer' ... shall not include the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or any State or political subdivision thereof . . . . ").[4]

---

[4] Although section 152(2) uses the word "State," the National Labor Relations Board—the federal administrative

*United Steelworkers v. Gov't (DOP) & The PERB* 2024 VI 9
S. Ct. Civ. No. 2020-0106
Opinion of the Court
Page 9 of 14

¶ 15    Because public employers are entirely exempt from its provisions, "the [NLRA] leaves States free to regulate their labor relationships with their public employees" however they see fit. *Davenport v. Wash. Educ. Ass'n*, 551 U.S. 177, 181 (2007). That is precisely what the Legislature did in enacting title 24, chapter 14 of the Virgin Islands Code, by permitting some—but not all— public employees to be represented by a labor organization in collective bargaining with the Government. Consequently, the Superior Court erred when it used non-applicable federal law to review the June 29, 2015 PERB order to the exclusion of governing Virgin Islands statutory law.

¶ 16    But while the Superior Court analyzed the USW's claims under inapplicable federal law, we conclude that it ultimately arrived at the correct result in affirming the PERB's decision to exclude Simmonds and Aubain from the bargaining unit. The PERB determined in its June 29, 2015 order that Simmonds and Aubain are not appropriate for inclusion in the bargaining unit because their positions "require[] a confidential relationship with a policy-making official" within the meaning of title 3, section 451a(b)(8), and that they were therefore not "public employees" due to the exclusion found in section 363(b)(2) of title 24. While determining what a particular individual's job duties entail is a question of fact, and this Court must defer to the PERB's resolution of that question if it is supported by substantial evidence, *Williams-Jackson*, 52 V.I. at 450, whether those duties, as found by the PERB, satisfy the legal definition of an exempt political appointee as set forth in section 451a(b)(8) is a question of law for this Court to determine. *Accord,*

---

agency charged with enforcing the NLRA—has adopted a regulation clarifying that "[t]he term State includes the District of Columbia and all States, territories, and possessions of the United States." 29 C.F.R. § 102.1(g). Even if this were not the case, courts have interpreted statutes with similar exclusionary language to exclude the Virgin Islands on grounds that it is an instrumentality of the United States. *See also Smith v. V.I. Port Auth.*, 457 Fed. App'x. 183 (3d Cir. 2012); *Smith v. V.I. Port Auth.*, 46 V.I. 466, 482 (D.V.I. 2005); *see also Balboni v. Ranger Am. of the V.I., Inc.*, 70 V.I. 1048, 1083 (V.I. 2019) ("[E]ach act of the Virgin Islands Government—and the three branches thereof— is effectively an act of the federal government."); *Gov't of the V.I. v. Christensen*, 673 F.2d 713, 716 (3d Cir. 1982) (holding that the Government of the Virgin Islands acts as "an arm of the federal government").

*United Steelworkers v. Gov't (DOP) & The PERB*   2024 VI 9
S. Ct. Civ. No. 2020-0106
Opinion of the Court
Page 10 of 14

*One Equal Voice v. Illinois Educ. Labor Relations Bd.*, 777 N.E.2d 648, 653 (Ill. Ct. App. 2002).

¶ 17   Applying these standards, we cannot conclude that the PERB erred in characterizing Simmonds and Aubain as political appointees. The PERB found that Simmonds holds a position titled "Supervisor, Recruitment and Classification" and determined that the duties of this position are as follows:

> • Supervises and coordinates the activities of the Recruitment and Classification Section. Assigns and reviews the work of subordinates for accuracy and completeness. Prepares probation and annual evaluation report[s] of subordinates. Prepares budget estimates of the activities of the section when required.
> • Researches and investigates personnel matters, concerns, issues and recommends appropriate solutions in writing to the Director or Assistant Director.
> • Serves as consultant in providing assistance to department[s]/agencies in resolving management problems.
> • Manages, edits, and maintains the Human Resources Information System for maintenance of system integrity and confidentiality.
> • Conducts job analysis sessions, in order to determine appropriate job titles and obtain pertinent information necessary for the construction of job related test[s].
> • Responds to numerous public inquiries, via telephone, personal contact, or correspondence in regards to recruitment, certification and classification matters.
> • Performs other duties as required or assigned by the Director of Personnel.

(JA 24). The PERB also credited Simmonds's own testimony that she "has made recommendations for certain job descriptions, and participates in the rating of a job spec which affects the grade and salary of the position." (*Id.*). The PERB found the testimony of the Director of Personnel persuasive. The PERB likewise found that Simmonds exercises independent judgment in providing recommendations on financial matters and funding to the Director of Personnel, providing analysis for the purpose of laying off employees, as well as in developing and rating positions for grade and step, thereby affecting the salary associated with the positions, and potentially influencing labor negotiations due to her knowledge and discretion regarding employee's positions and compensation. (JA 42, 67-68, 83-84, 88-89).

*United Steelworkers v. Gov't (DOP) & The PERB* 2024 VI 9
S. Ct. Civ. No. 2020-0106
Opinion of the Court
Page 11 of 14

¶ 18    With respect to Aubain, the PERB determined that she held a position titled "Territorial Administrator, Recruitment and Classification" and that the duties of that position were as follows:

> • Makes recommendation[s] on classification matters such as approval/disapproval on waiver request[s] for the Director of Personnel signature.
> • Manages activities of the Recruitment and Classification Section. Assigns and reviews the work of subordinates for accuracy and completeness. Prepares probation and annual evaluation reports for subordinates. Prepares budget estimates of the activities of the section when required.
> • Serves as consultant in providing assistance to department[s]/agencies in resolving management problems.
> • Manages, edits, and maintains the Human Resource Information System for maintenance of system integrity and confidentiality.
> • Consult[s] with Agency heads on Labor Relations inclusive of [a] salary assignment that results in a position reallocation.
> • Manages and maintains the Classification Plan, which consists of over 1200 classified position titles and edits the date in the system to ensure accuracy. Prepares class allocations to delete or create position titles. Prepare[s] cost analysis relative to allocation of positions, when necessary.
> • Review all draft job descriptions for conformity with Personnel Rules and Regulations.
> • Establishes and implements policies and procedures for the effective operation of the Recruitment and Classification Section.
> • Responds to numerous public inquiries, via telephone, personnel contact, or correspondence in regards to recruitment, certification and classification matters.

(JA 25). The PERB likewise relied on Aubain's own testimony to find that "she views her staff work for conformity with the Personnel Rules and Regulations," "gives suggestions or recommendations for any language for any policies that would affect her unit," and "attends policy meetings and provides her input when necessary." (*Id.*). It also relied on testimony from the Director of Personnel that Aubain was like his "right hand," and that she had a wide scope of independent judgment and decision-making authority, in addition to administering promotion examinations, as well as other indicia of confidentiality, which includes exercising judgment over applicants' eligibility for positions, rating different positions, and assisting in creating a recall policy for laid-off employees. (JA 43, 146-147, 155).

*United Steelworkers v. Gov't (DOP) & The PERB*   2024 VI 9
S. Ct. Civ. No. 2020-0106
Opinion of the Court
Page 12 of 14

¶ 19   Based on the above, this Court concludes that the Superior Court did not err in finding that substantial evidence exists to support the PERB's determination. Aubain assists the Director of Personnel and makes decisions and recommendations that create or affect the DOP's policies in the field of labor relations. (JA 43, 144, 146-147, 155). Likewise, Simmonds assists in developing job specifications, provides financial analysis regarding positions with the DOP, and makes recommendations to the Director that directly influence the DOP's policies in the field of labor relations. (JA 42, 67-68, 83-84, 88-89). Therefore, both the Recruitment and Classification Supervisor and Territorial Administrator positions meet the statutory definition of a political appointee under § 362(g)(2), as they assist and act in a confidential capacity to persons who formulate, determine, and effectuate management policies in the field of labor relations as provided for in title 4, section 451a(b)(8) of the Virgin Islands Code. Accordingly, this Court affirms the Superior Court's order enforcing the PERB's order.

## B. Cross Appeal: Supervisory Employees

¶ 20   The DOP also filed a cross appeal in this case, asserting that the Superior Court erred when it *sua sponte* determined that Adonna Duggins (Personnel Records Management Supervisor) and Rochelle Benjamin (Financial Management Supervisor) are "non-supervisory employees."

¶ 21   Duggins and Benjamin are both employees whom the PERB found to be confidential and excluded from the bargaining unit. (JA 41-42). The Superior Court reversed the determination of the PERB regarding these employees, concluding that they are not confidential employees, and reinstated their positions within the bargaining unit. (JA 12). The DOP argues that the Superior Court erred in ruling on the supervisory status of these positions, and by determining that Duggins and Benjamin are non-supervisory employees because the issue of supervisory status was never raised before the Superior Court. (Appellee DOP's Br. at 15).

*United Steelworkers v. Gov't (DOP) & The PERB* 2024 V19
S. Ct. Civ. No. 2020-0106
Opinion of the Court
Page 13 of 14

¶ 22   The PERB in its decision, and USW in its petition for writ of review to the Superior Court, state several times that all the positions at issue are supervisory. (JA 17-19, SJA 260, 262-63). *See* JA 19 ("Petitioner states that the supervisors of these units [of the DOP] should be deemed as confidential employees and not unionized employees. And, the petitioner is asking the PERB to review each supervisory position to determine whether they should be excluded from USW's supervisory bargaining unit."). USW never claimed in its petition that any of the employees were non-supervisory, nor did it argue that the PERB erred in referring to the positions as supervisory. This issue was not before the PERB (Appellee PERB's Br. At 5), nor was it properly before the Superior Court.

¶ 23   It is only "in rare, exceptional cases a court of review can *sua sponte* address an issue not raised on appeal." *Francis v. People*, 57 V.I. 201, 253 (V.I. 2012) (citing *United States v. Bendolph*, 409 F.3d 155, 161 (3d Cir. 2005)). *Cf.* 24 V.I.C. § 380(b) ("No objection not urged before the PERB shall be considered in a review by the Superior Court unless the failure to urge the objection is excused by the court because of extraordinary circumstances."). This is not one of those rare, exceptional cases. The parties did not argue, nor did they ask the PERB to determine, whether employees were supervisory or non-supervisory. Whether Duggins' and Benjamin's positions are classified as supervisory, or not, does not go to the ultimate issue, which, according to USW's petition for unit clarification, is whether the employees in this case are considered "confidential" for the purposes of joining the bargaining unit. Because the issue of supervisory status is not relevant to deciding the issue of confidentiality and because the parties did not raise the issue of supervisory status before the Superior Court, this Court vacates the portion of the Superior Court's opinion and order finding that Duggins and Benjamin are non-supervisory employees.

*United Steelworkers v. Gov't (DOP) & The PERB*    2024 VI 9
S. Ct. Civ. No. 2020-0106
Opinion of the Court
Page 14 of 14

## IV.    CONCLUSION

¶ 24    The Superior Court erred by relying on federal case law and the labor-nexus test rather than 24 V.I.C. §362(q) in determining which employees are "confidential." However, this error was harmless, as the PERB correctly excluded Simmonds and Aubain from the bargaining unit because they were political appointees who possessed confidential relationships with policy-making officials. The Superior Court did not err in finding that substantial evidence supports the PERB's decision. Therefore, we affirm the Superior Court's order enforcing the underlying order of the PERB.

¶ 25    Regarding the DOP's cross-appeal, the Superior Court erred when it *sua sponte* found that Duggins and Benjamin are non-supervisory employees. Supervisory classification is neither relevant to the issues in this case, nor was it raised before the Superior Court by the parties. Accordingly, this Court will vacate the portion of the Superior Court's opinion and order finding that Duggins and Benjamin are non-supervisory employees.

**Dated this 7th day of February, 2024.**

**BY THE COURT:**

**MARIA M. CABRET**
**Associate Justice**

**ATTEST:**
**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

By: **/s/ Jahkyda Coakley**
     **Deputy Clerk II**

**Dated**: February 7, 2024