## LYNCH v. CROCKETT INDEPENDENT SCHOOL DIST. et al.

### No. 12338.

Court of Civil Appeals of Texas.
Galveston.

Dec. 6, 1951.

C. B. Bunkley, Jr., and U. Simpson Tate, Dallas, for appellant.

C. W. Kennedy, Jr., Crockett, for appellees.

F. P. Granberry, Crockett, in pro per.

GRAVES, Justice.

This appeal is from a judgment of the District Court of Houston County, Texas, sustaining the motion of the appellees herein (i. e. the Crockett Independent School District and its board of individual trustees), for a summary judgment—pursuant to Rule 166–A, Texas Rules of Civil Procedure, against the appellant, in his suit against them for $2,316 damages, for their alleged violation of a contract to employ him as principal of The Post Oak Common School District of Houston County, for the school years 1950–51, and 1951–52, at an annual salary of $5,136.

Appellant alleged that the Post Oak District had been annexed to the Crockett Independent School District subsequent to the making of such contract, whereby it had assumed liability thereunder; but that, after such annexation, the Crockett District had refused to honor such contract, thereby forcing appellant to accept employment at a less salary in another school system, and damaging him in the sum claimed.

The court's judgment, among other things, makes this recitation: "The Court is of the opinion, and so finds, that the said defendants' Motion for Summary Judgment together with the pleadings, admissions of the plaintiff, and the affidavits attached to said Motion as exhibits, and the matters and things therein referred to and made a part thereof, show that there is no genuine issue as to any material fact, and that defendants are entitled as a matter of law to judgment, as prayed for in said Motion for Summary Judgment."

In this Court, appellant states a number of points of error, under which he contends that the trial court had erred in granting such motion for summary judgment, there being raised on the face of the pleadings a disputed question; First, as to whether or not the alleged contract the appellees had attached to their request of appellant for admissions in the trial court was the one sought to be declared upon by appellant; second, whether or not the contract he declared upon had been signed by him; third, because it had not been necessary for such contract to be approved by the County Superintendent of Public Instruction of Houston County, Texas; fourth, for the reason that such contract actually declared upon by the appellant did not call for a longer period of time than two years; fifth, because such declared upon contract was not vague and indefinite, rendering it void and unenforceable for that reason; and sixth, it was not necessary for such contract to have been made after the trustees for the Post Oak District had been elected and qualified.

None of these presentments, it is determined, should be sustained.

On the contrary, when the record brought here is examined, it is concluded that the trial court properly granted the motion of appellees for a summary judgment; that record discloses that the appellant neither filed any answer nor counter-affidavits thereto, nor did he request any delay in the disposition thereof.

The appellant thus, in substance, concludes his position, " * * * the controlling issue involved is whether or not there was a disputed question of fact existing at the time the trial court granted appellees' motion for summary judgment.

"The record shows that, at the time the judgment was entered, * * *, there was a disputed question of fact, as to the terms and contents of the contract on which appellant based his cause of action, and a disputed question of fact as to whether or not the contract was ever signed by appellant."

It is, in this connection shown, as his brief recites, that in his answers to the writ-

ten request of the appellees for admissions of fact upon his part, served upon him, the appellant denied, first, that the photostat copy the appellees had attached to such request of a contract they claimed was the one between the parties, was a copy of the contract he was suing on; second, that he had ever signed such contract.

He, in such circumstances, urges, that the terms of the contract he declared upon, as well as whether or not it had ever been signed by him, constituted the crux of the suit; but, in the undisputed state of the record, it further appears that the trial court was fully justified in concluding that appellant's two denials upon the witness stand, so stated, ran counter to the necessary effect of his pleadings, upon which he grounded his suit; wherefore, to say nothing of controverting evidence the appellees presented to the same purport, the trial court could do no other than hold that "there was no genuine issue as to any material fact."

In other words, the record he brings here, on appeal, shows undisputedly twice—that is, in his first and second amended original petitions—that he thus alleged the basic substance of the contract he had declared upon, to wit: "That on or about the 27th day of May, 1949, a written contract was entered into between plaintiff and the Post Oak Common School District, whereby plaintiff was employed as principal of the Negro School located in the Post Oak Common School District for the school years 1950–51, and 1951–52, said employment to begin on the 1st day of July, 1950, and end on the 30th day of June, 1952."

■ These pleadings, especially since the trial court was furnished with photostat copies of the same contract as was alleged by the appellees to have been the one between the parties, which in no particular differed with that so plead by the appellant, the court was fully justified, if not required, in passing upon the appellees' motion for summary judgment, to hold that there was left "no genuine issue as to any material fact" as to what the actual contract between the parties had been.

In other words, after reviewing the record, this Court finds that there was, thus, ample evidence before the trial court for its presumed finding—in granting the summary judgment—that the actual contract between the parties was just as was so plead by the appellant, and was the only one they had ever agreed upon, whether or not the appellant ever had signed it.

■ It is a time-honored rule in our practice and procedure that a party is bound by his pleadings in court, in so far as they affect his substantial rights. 30 Texas Digest, Pleading, ☞36(1), page 243 and cited authorities; also, ☞36(2), page 245; American Nat. Ins. Co. v. Melton, Tex.Civ.App., 29 S.W.2d 795; also, ☞38½, page 248; Constitution Indemnity I. Co. v. Armbrust, Tex.Civ.App., 25 S.W.2d 176, error refused. 8 Tex.Jur., 10-yr. Supp., 1937–47, pg. 35, para. 6, and cited authorities. Also 8 Tex.Jur., 10-yr. Supp., 1937–47, pg. 287, para. 211 and cited authorities. Also, 8 Tex.Jur., 10-yr. Supp., 1937–47, pg. 290, para. 214. 8 Tex.Jur., 10-yr. Supp., 1937–47, pg. 294, para. 217 and cited authorities.

■ Wherefore, the appellant having thus bindingly plead that the contract upon which he sued had been dated May 27, 1949, and that his services thereunder, purportedly contracted for, would not end until June 30, 1952, it became thereby undisputed that the contract he so sued upon was a teacher's contract for a period of more than two years, and therefore, was invalid and ineffective, under our law: Vernon's Annotated Revised Civil Statutes of Texas, Articles 2750a, 2750a–1.

Finally, as indicated, supra, the undisputed state of the record before the trial court at the time, as the quoted recitation from its judgment implies, was such as to leave it undisputed that no material issue of fact as to the controlling features of what the appellant and the Post Oak School District had agreed upon, was left; for instance, and, in consonance with the appellant's reiterated pleading of what the contract between them had been, the trial court had before it the uncontroverted and

unreplied-to affidavits of Marcus Mason, and Royce Heard, County Superintendent, and County Clerk, respectively, of Houston County, Texas, to the effect that the copied contract, attached to the appellees' request of the appellant, for admissions, had constituted the "written contract" so plead below by the appellant, and that it was the only contract that had been made during that time in that county by the named parties thereto.

It follows that others of the insisted upon claims of the appellant, that questions of fact were raised—as detailed in his points of error—became immaterial.

These conclusions require an affirmance of the appealed from judgment. It will be so ordered.

Affirmed.