

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 22, 1963

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. C-166

Re: In view of the three-
year limitation set out
in Article 2781, Vernon's
Civil Statutes, whether
the teacher contract in
question is a valid con-
tract, under the facts
and circumstances out-
lined.

Dear Dr. Edgar:

We quote from your letter of October 4, 1963, in which you requested an opinion as follows:

"This Agency has been requested by the board of trustees of an independent school district to obtain an opinion from your of-fice on a submitted teacher contract situation. The independent school district involved does not now, nor in current past years has it had a scholastic population of 5,000 or more nec-essary to authorize issuance of teacher con-tracts for periods exceeding three years. Article 2781, Vernon's Civil Statutes.

"Admittedly, X holds a valid teacher con-tract dated December 8, 1961, which employs him for the period beginning July 1, 1961, (for 1961-62, 1962-63 and 1963-64) and terminating June 30, 1964.

"After having served one year (1961-62) under that three year contract, then in the early part of its second year on December 4, 1962, the school

-808-

board awarded him a second contract to extend his services with the district, wherein it purported to contract him for an additional two years beginning July 1, 1964 (for 1964-65 and 1965-66) and terminating June 30, 1966.

"Mr. X is now serving as superintendent in the third and last year for which he was employed under the first contract.

"Currently the time remaining to run under both contracts, assuming the latter is but an extension of the former, does not exceed three years. But on December 4, 1962, when he purportedly was contracted for two additional years, the total time then existing to serve out both contracts exceeded three years; viz., the remaining part of the 1962-63 year (seven months) and the 1963-64 year covered in his first contract; the years 1964-65, 1965-66 covered in his second contract.

"In view of the three-year limitation set out in Article 2781 and in the light of the decision in Lynch v. Crockett I.S.D., 244 S.W.2d 564 (Tex.Civ.App. 1951, no writ), an opinion is requested on the following submitted inquiry:

"Whether the teacher contract dated December 1962, is a valid effective contract, under the facts and circumstances herein outlined.

"  .   .   ."

Article 2781, Vernon's Civil Statutes, which controls the length of time the independent school district involved may contract with a superintendent, reads in part as follows:

"The Board of Trustees of any city or town or any independent school district may employ a superintendent, principal, teacher, or other executive officers in the schools therein for a term not to exceed three years,
.  .  ."

The provisions of this Article prohibit any contract in excess of three years, and it is clear that any contract in excess of the time specified by Article 2781, Vernon's Civil Statutes, is void. Lynch v. Crockett Independent School District, et al., 244 S.W.2d 564 (Tex.Civ.App. 1951).

By entering into the second contract on December 4, 1962, the Board of Trustees of the Coleman Independent School District contracted for a total time, on that date, under both contracts, in excess of three years.  The obvious legislative intent cannot thus be obviated.  This they are specifically prohibited from doing under the provisions of Article 2781, Vernon's Civil Statutes.  We think that the limitations contained in this statutory provision lead to the inevitable conclusion that the Legislature intended to limit the total time of such employment contracts to three years.

We are, therefore, of the opinion that the Board of Trustees of Coleman Independent School District exceeded their statutory authority on December 4, 1962, by entering into the second contract which, when taken with the first contract resulted in a contractual obligation of the district in excess of three years.  It is, therefore, our opinion that the December 4, 1962 contract is void.

## S U M M A R Y

Article 2781, Vernon's Civil Statutes, prohibits the Board of Trustees of an independent school district from contracting with a superintendent or teacher for more than three years whether one or more contracts are utilized.

Yours very truly,

WAGGONER CARR
Attorney General

By:  Jerry Brock
Assistant

JB:wb:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Fred D. Ward
Joe Trimble
Norman Suarez
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone