**VELMA WHITAKER, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS; CHARLES W. TURNBULL, Commissioner of Education; GLORIA H. CANEGATA, District Superintendent, Defendants**

Civil No. 1300/80

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

June 28, 1982

RICHARD R. KNOEPFEL, ESQ., Assistant Attorney General (Office of the Attorney General), St. Thomas, V.I., *for plaintiff*

ALLAN A. CHRISTIAN, ESQ., Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This is a declaratory judgment action in which the Court is called upon to determine the legal rights of plaintiff in regard to plaintiff's claim to a permanent principal status in the Virgin Islands Department of Education.

The basic facts giving rise to this lawsuit are not in dispute. On the day scheduled for trial, in lieu of a formal trial, the parties stipulated to a set of facts and exhibits for the Court to use in arriving at its decision.

## FACTS

Plaintiff, Velma Whitaker, had been employed as a teacher in the Virgin Islands public schools for 23 years. In 1978 she was appointed acting secondary school principal of the Arthur A. Richards Junior High School on St. Croix. (Joint Exhibit No. 3.) The appointment by the Governor ran for one year, from August 23, 1978, to August 22, 1979. (Joint Exhibit No. 3.) Upon the recommendation of Gloria Canegata, the District Superintendent of Education for St. Croix, plaintiff was reappointed by the Governor for the period August 22, 1979, to August 21, 1980. (Joint Exhibit No. 2.) The appointment as secondary school principal was designated as "acting" and "unclassified." It is conceded by both parties that no written rating was ever made for the year 1978–1979. However, Gloria Canegata, the immediate supervisor in charge of all principals on the island, did discuss with plaintiff her performance during the school year. She also signed the evaluation form dated July 2, 1980, and although she did not "personally observe" Whitaker in a classroom setting, Canegata did have personal knowledge of the plaintiff and the day to day operations of the school from staff and pupils. Both appointments were made pursuant to 3 V.I.C. § 528[1] dealing with provisional employees.

The July 1980 evaluation of plaintiff was less than favorable. As a result, she was not appointed permanent principal of the Arthur A. Richards Junior High School. Instead she was given a position as assistant principal of St. Croix Central High School. She alleges here that certain deficiencies in the appointment and promotion

[1] 3 V.I.C. § 528 provides in pertinent part:

> The appointing authority may then fill the vacancy by making a *provisional* appointment of any person qualified to perform the duties of the position. A provisional appointee shall hold position only until an appropriate list has been established and the required certification can be made. *No provisional appointment shall last more than six months.* Provided, that any provisional or emergency employee shall, upon the completion of 60 days' service as such, be entitled to a departmental work evaluation by the department head or his designee. If the said evaluation shows that the work performance of such employee has been fully satisfactory, the department head, with the approval of the Governor, *may* certify such provisional or emergency employee to the appointing officer for permanent appointment, subject to the provision of section 527 of this title. (Emphasis added.)

process on the part of the Government have inured to her benefit so that this Court should now order that she be appointed permanent principal of Arthur A. Richards Junior High School. For the reasons set out below we cannot agree and deny the relief requested.

## DISCUSSION

■ The threshold, and ultimately the dispositive question, is what effect did the Governor's appointment of plaintiff to two consecutive one year terms have on her entitlement to the position of principal on a permanent basis. Title 3 V.I.C. § 528 provides for provisional appointments lasting up to six months.[2] All parties agree that these appointments were made for periods of one year. The appointments being for a term in excess of the statutory authority of the Governor, were void.[3] Plaintiff contends that not only in spite of this void act, but as a result of it, she should be permanently appointed principal. Despite any equities which may appear to weigh in favor of this argument, the position is, from a legal standpoint, not tenable.[4]

■ It is a fundamental principle that government, in an exercise of authority, must derive its power to act from a source which grants it. The Government of the Virgin Islands has the authority over the public educational system, and in the exercise of that authority it may hire and fire teachers and administrative personnel, as well as make contracts and carry on other business relating to the public schools. The Legislature has vested this power in the

---

[2] There has been some confusion in this case over the terms "temporary", "provisional," "acting," "permanent," and "probationary," appointments. There are three general classes of appointments. "Emergency" defines those employees appointed for a 60-day period. 3 V.I.C. § 529. "Provisional" employees are appointed for a six-month period. 5 V.I.C. § 528. "Permanent" employees are precisely what the name implies. Permanent employees are, however, on "probationary" status for the first six months of their employment. 5 V.I.C. § 527.

[3] There is no claim for wages or compensation made herein.

[4] Plaintiff has included a number of items in her list of grievances. These include a failure to evaluate for the 1978–1979 school term; the lack of "personal observation" in the 1979–1980 evaluation; and the designation on the Notification of Personnel Action (NOPA) of her status as "unclassified" when it was classified. None of these deficiencies, however, require the Court to grant the relief requested. In fact, the temporary nature of the appointment should come as no surprise since a letter from Gwendolyn E. Kean, then Commissioner of Education (Joint Exhibit No. 4) states "being named in an acting capacity *does not* automatically guarantee appointment on a permanent basis." The Government's actions, while not condoned, do not require that Mrs. Whitaker be made permanent principal.

214

Executive branch of the government, but has done so with restrictions.

■ One of these restrictions is the prohibition contained in 3 V.I.C. § 528 against the appointment of an individual, in a provisional "acting" capacity, for more than six months. "[S]chool authorities may make employment contracts for such term as may be permitted under the statute, but they may not fix the term of the employment in excess of the term prescribed by the statute. Where the statute expressly prescribes the length of the employment, a contract for a term in excess of the statutory period is void." 78 C.J.S. Schools and School Districts § 185(b) at 1037 (1952) (footnotes omitted).

This is simply a logical application of the principle that the government may not do indirectly that which it is not permitted to do directly. To allow such an appointment to ripen into a valid contract would subvert the intention and purpose of the particular enabling statute. The case law supports this conclusion. See People ex. rel. Davidson v. Bradley, 47 N.E.2d 93, 95, 96 (Ill. 1943); Lynch v. Crockett Independent School District, 244 S.W.2d 564, 566 (Tex. Civ. App. 1951).[5]

Newman v. Borough of Fair Lawn, 157 A.2d 314 (N.J. 1960) (cases cited therein) does not indicate a contrary result. That case dealt with an appointment for *less* than the statutory term. The reasoning advanced in this class of cases is that "an appointment for a term other than [that] specified under the applicable statute or charter . . . [is] an effective appointment for the statutory term." C. ANTIEAU, MUNICIPAL CORPORATION LAW § 22.04 at 230 (1974). These cases do not speak to the validity of an appointment when it exceeds the statutory term.

The declaration that plaintiff should become principal of Arthur A. Richards Junior High School cannot follow from the void appointment.

Since plaintiff has failed to demonstrate that as a matter of law she is entitled to the relief requested, judgment will enter accordingly in favor of defendant, denying the requested relief and dismissing the complaint.

---

[5] See also 6 Op. Atty. Gen 142 (1969) wherein the Attorney General opined that an appointment made in excess of the six-month period was void.