**OPHELIA WILLIAMS-JACKSON, Appellant/Petitioner**

**v.**

**PUBLIC EMPLOYEES RELATIONS BOARD, Appellee/Respondent**

S. Ct. Civ. No. 2008-084

Supreme Court of the Virgin Islands

December 11, 2009

DARREN JOHN-BAPTISTE, ESQ., St. Thomas, USVI, *Attorney for Appellant.*

HEATHER N. BENDINELLI, ESQ., Public Employees Relations Board, St. Thomas, USVI; TERRYLN SMOCK, ESQ., Department of Education, St. Thomas, USVI, *Attorneys for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(December 11, 2009)

CABRET, J. Ophelia Williams-Jackson was formerly employed by the Virgin Islands Department of Education ("DOE") as the Director of the Alternative Education Program for the District of St. Croix. After almost two years in this position, the DOE reassigned Williams-Jackson to a position as a physical education instructor. Claiming the reassignment was a demotion, Williams-Jackson appealed the matter to the Public Employees Relations Board ("PERB"). The PERB dismissed the appeal

upon finding that Williams-Jackson was not a regular employee and that it, therefore, had no jurisdiction over the matter. Williams-Jackson appealed the PERB's decision to the Superior Court, which affirmed the PERB's dismissal. Williams-Jackson has filed this appeal challenging the Superior Court's decision. For the reasons which follow, the Superior Court's decision is reversed, and this matter is remanded to the PERB for further proceedings.

## I. FACTS AND PROCEDURAL BACKGROUND

The record shows that in the summer of 2005, Williams-Jackson interviewed with the DOE for the position of assistant principal. The DOE did not hire Williams-Jackson as an assistant principal, but instead offered her the position of Director of the Alternative Education Program for the District of St. Croix.[1] The DOE's job offer was memorialized in an August 3, 2005 letter which stated in pertinent part:

> The U.S. Virgin Islands Department of Education is pleased to extend you an offer of employment to become the Alternative Education Program Director for the District of St. Croix. This is a twelve month exempt position. As such, you will work, in this capacity, at the pleasure of the Governor of the United States Virgin Islands. You will report to Terrence T. Joseph, Superintendent of Schools.

(J.A. at 117.) Williams-Jackson accepted the position the day it was offered by signing the letter offer.

Williams-Jackson was never given a formal job description, but in her testimony before the PERB she compared her duties to those of a school principal, and this description was not refuted by the DOE.[2] Williams-Jackson continued serving in this position until she received a letter from the DOE on May 21, 2007, informing her that she was being reassigned to a position as a junior high school physical education instructor for the next school year.

---

[1] Immediately prior to working for the DOE, Williams-Jackson was employed as the Deputy Commissioner of the Department of Housing, Parks and Recreation, but she had also worked for the DOE for approximately thirteen years as a health and physical education teacher.

[2] In fact, Williams-Jackson was the only witness to testify at the PERB hearing.

Unsatisfied with the reassignment, on May 31, 2007, Williams-Jackson filed an appeal with the PERB, asserting that she was wrongfully demoted to the position of physical education teacher.[3] On June 25, 2007, following an evidentiary hearing, the PERB dismissed Williams-Jackson's appeal for lack of jurisdiction. The PERB ruled that Williams-Jackson was not a regular employee entitled to PERB review because she was not appointed to her position as Alternative Education Program Director in accordance with the competitive appointment process of the Personnel Merit System. Instead, the PERB found that the "DOE hired [Williams-Jackson] as a contract employee and her contract identifies her as an exempt employee." (J.A. at 22.)

Williams-Jackson appealed the PERB's dismissal to the Superior Court arguing: (1) that notwithstanding the designation of her director position as "exempt" on her letter of appointment, the position was actually a classified position; and (2) that as an employee of the DOE she was not subject to the competitive appointment provisions prescribed by title 3, chapter 25 of the Virgin Islands Code. The Superior Court found that Williams-Jackson was bound by her contractual acceptance of an appointment to a position designated as exempt and that because there was no evidence that she was appointed in accordance with the competitive appointment process established by chapter 25 of title 3, she was not a regular employee covered by the PERB's appellate jurisdiction. Accordingly, the Superior Court affirmed the PERB's dismissal of Williams-Jackson's appeal.

Williams-Jackson filed the instant appeal repeating her assertions that she was demoted from a classified position and that because she was hired to a position with the DOE, the competitive hiring process detailed under chapter 25 of title 3 did not apply to her appointment. Accordingly, Williams-Jackson argues, she was a regular employee, and the Superior Court's decision should be reversed.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over this appeal pursuant to title 4, section 32(a) of the Virgin Islands Code. *See also* V.I. CODE ANN. tit. 3, § 530a(d)

---

[3] Williams-Jackson also appealed her demotion to the DOE's Office of the Insular Superintendent. On June 5, 2007, after a hearing, the DOE affirmed the reassignment decision.

(Supp. 2008). Questions of law receive plenary review, *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007), while we review questions of fact to ascertain whether the PERB's factual determinations are supported by "substantial evidence in the record considered as a whole." 3 V.I.C. § 530a(b). Substantial evidence is such " 'evidence that a reasonable mind would accept as adequate to support an agency's conclusion.' " *Lockhart v. Matthew*, 203 F. Supp.2d 403, 412-13 (D.V.I. 2002) (quoting *Atl. Limousine, Inc. v. NLRB*, 243 F.3d 711, 718 (3d Cir. 2001)).

## III. DISCUSSION

 The right of a government employee to appeal to the PERB from a decision to demote the employee is derived from title 3, section 530(a) of the Virgin Islands Code. Section 530(a) provides in full:

> Notwithstanding any other provision of law, in any case after January 1, 1977, where a department head, of the executive branch of the Government of the Virgin Islands or the executive director or chief executive officer of any agency or instrumentality of the Government including, but not limited to, the Executive Director of the Government Development Bank, the Virgin Islands Water and Power Authority, the Virgin Islands Port Authority, the Waste Management Authority, the Magens Bay Authority, the Virgin Islands Housing Authority, the University of the Virgin Islands, the Virgin Islands Public Television Systems, the Government Employees Retirement System and the Chief Executive Officer of a hospital under the jurisdiction of the Virgin Islands Hospitals and Health Facilities Corporation, *decides to dismiss, demote, or suspend a regular employee of*, or an employee, who is not on contract, is not temporary, and is not on probation, with the Government Development Bank, the Virgin Islands Water and Power Authority[,] the Virgin Islands Port Authority, the Waste Management Authority, the Magens Bay Authority, the Virgin Islands Housing Authority, the University of the Virgin Islands, the Virgin Islands Public Television Systems, the Government Employees Retirement System or a hospital under the jurisdiction of the Virgin Islands Hospitals and Health Facilities Corporation, for cause, he shall furnish the employee with a written statement of the charges against him. The employee shall have ten days following the date of receipt of the statement of

450

charges to appeal the proposed action to the Public Employees Relations Board. The appeal must be in writing, and the Board must provide a copy to the department head, the agency head or the chief executive officer, as the case may be, and the Attorney General.

3 V.I.C. § 530(a) (Supp. 2008) (emphasis added). In the instant case, the PERB refused to hear Williams-Jackson's appeal because it found that she was not a regular employee. The Virgin Islands Code defines "regular employee" as "an employee who has been appointed to a position in the [career][4] service in accordance with [chapter 25 of title 3] after completing his working test period." 3 V.I.C. § 451 (1995) (footnote added).[5] Thus, for Williams-Jackson to be considered a regular employee entitled to have the PERB review her demotion, she was required to show: (1) that she was appointed to a position in the classified service; (2) that her appointment was in accordance with chapter 25 of title 3; and (3) that she completed her work-

---

[4] Section 451 actually uses the term "classified service," which is synonymous with the term "career service." See 3 V.I.C. § 451a(d) (1995) ("The terms 'career service' and 'exempt service' are intended to be synonymous with the terms 'classified service' and 'unclassified service', respectively . . . ."). As pointed out by the Court of Appeals for the Third Circuit in *Richardson v. Felix*, 856 F.2d 505, 508 n.3 (3d Cir. 1988), the current terminology, career service and exempt service, "was adopted when section 451a was enacted in 1968." *Id.* (citing Act No. 2311, 1968 V.I. Sess. Laws 271). However, some provisions of the personnel statute have not been amended to conform to that usage. One such nonconforming provision is section 451.

[5] Although neither party to this appeal has raised the issue, we note that the preposition "of," following the term "regular employee" in the first italicized section of the quoted language of section 530(a) appears to be a typographical error. The former version of the statute included all regular employees within the class of employees entitled to PERB review, and the amended version retained the term "regular employee," but inexplicably added the preposition "of" following the term. *Compare* former 3 V.I.C. § 530(a) (1995) *with* 3 V.I.C. § 530(a) (Supp. 2008). It seems clear, and the parties to this appeal do not argue otherwise, that the Legislature intended to include within the class of employees entitled to PERB review, all "regular employees" of the Government and not just regular employees of the listed instrumentalities. Thus, we will treat the preposition "of," following the term "regular employee," as a typographical error and disregard the error to implement the Legislature's obvious intent. *See Morgan v. Gay*, 466 F.3d 276, 279 (3d Cir. 2006) (stating that, where the "uncontested intent of Congress" shows that the statute contains a typographical error, the court's duty is to make a "common sense revision" to the text of the statute). We note also that there is legislation currently pending before the Twenty-Eighth Legislature of the Virgin Islands which would amend section 530(a) to clarify its application to regular employees and to modify the definition of "regular employee." *See* Bill 28-0142, 28th Leg. (V.I. 2009).

ing test period.[6] Again, both the PERB and the Superior Court found that Williams-Jackson was not a regular employee because she accepted a contractual position designated by the DOE as exempt and because she was not appointed in accordance with the appointment procedures delineated under chapter 25 of title 3.

██ Chapter 25 codifies the Virgin Islands Personnel Merit System and "divides *all* positions in the government service into two categories: the 'career service' . . . and the 'exempt service' . . . ." *Richardson v. Felix*, 856 F.2d 505, 508 (3d Cir. 1988) (emphasis added) (citing 3 V.I.C. § 451a). It is clear that the DOE is in the Executive Branch of the government, 3 V.I.C. § 91 (1995), and section 451a(c) provides that "[a]ll positions in the Executive Branch of the United States Virgin Islands Government not exempted under subsection (b) of this section *shall* be in the career service." (Emphasis added). The list of positions exempted under subsection (b) primarily includes senior government officials such as department heads, Assistant and Deputy Commissioners, members of boards, commissions or "other bodies appointed by the Governor," and employees in positions that determine policy, special assistants or other employees of policy-making officials or employees "whose position requires a confidential relationship" to a policy-making official.[7] 3 V.I.C. § 451a(b)(1), (8). Thus, if Williams-Jackson's former position did not fall into one of these exempt categories, it would have been a career service position. *See Richardson*, 856 F.2d at 510 ("the only permissible exceptions to section 451a(c) are those that appear in section 451a itself").

The record shows that, as the Director of the Alternative Schools Program on St. Croix, Williams-Jackson reported to the Superintendent of Schools. Although the DOE never provided Williams-Jackson with a formal job description, she testified that her duties were similar to those of a junior high school principal, and the DOE did not challenge that description. Considering this evidence and that the position does not fit

---

[6] An employee must also comply with certain procedural requirements in filing an appeal with the PERB. *See* 3 V.I.C. § 530(a), (f).

[7] This latter group of employees "whose position requires a confidential relationship to a policy-making official," must be designated as such by the Governor and approved by the Legislature before the position can be considered exempt. 3 V.I.C. § 451a(b)(8). We note also that section 451a(b)(8) exempts from the career service "persons employed for less than six months in professional, scientific or other similar capacity on temporary projects," 3 V.I.C. § 451a(b)(5) (Supp. 2008).

within any of the categories of exempt positions enumerated in section 451a(b), if Williams-Jackson was to be considered an exempt employee, it must have been due to the fact that she accepted the letter offer which designated the position as exempt.

■ In fact, the DOE steadfastly maintains that Williams-Jackson held an exempt position because the letter stated that it was a "twelve month exempt position." (J.A. at 117.) The DOE, however, is ignoring the "clear legislative policy" reflected by section 451a "that all employees in the executive branch must, unless they fit within the exceptions not relevant here, be considered members of the career service . . . ." *Id.* at 511. "[I]t is axiomatic that an administrative regulation or practice cannot validly contradict a clear legislative policy," and the DOE's designation of the director position as exempt cannot change that scheme. *Id.* (citing *Colgate-Palmolive-Peet Co. v. Nat'l Labor Relations Bd.*, 338 U.S. 355, 363, 70 S. Ct. 166, 171, 94 L. Ed. 161 (1949). *See also Martinez-Sanes v. Turnbull*, 318 F.3d 483, 488 (3d Cir. 2003) (recognizing that the District Court rejected the government's argument that employees were bound by their signed Notice of Personal Action which designated their positions as exempt.). Accordingly, despite the DOE's contractual designation of Williams-Jackson's position as exempt, the position was a classified, career service position.

■ As stated above, however, holding a position in the career service does not, by itself, entitle a government employee to PERB review under section 530. "To receive the benefit of section 530, . . . [Williams-Jackson] must have been at the time of [her demotion] not only a career service employee but also a regular employee." *Richardson*, 856 F.2d at 509. Among the prerequisites for attaining regular employee status is that the employee must have been appointed to the career service position in accordance with chapter 25 of title 3. 3 V.I.C. § 451. For most Executive Branch employees, this requires that a notice of the vacancy be given to the Director of Personnel, *see* 3 V.I.C. § 526(a) (Supp. 2008), that candidates for the position take competitive examinations, *see* 3 V.I.C. §§ 521-524 (1995 and Supp. 2008), that a list of eligible candidates be provided by the Division of Personnel, *see* 3 V.I.C. § 526(a), and that the successful candidate appointed from that list complete working test or probationary period; *see* 3 V.I.C. § 527 (1995). The PERB found that Williams-Jackson's appointment was not subjected to this procedure, and

this is apparently what led both the PERB and Superior Court to rule that she was not, therefore, a regular employee.

■ But these specific requirements did not apply to Williams-Jackson's appointment to a position with the DOE. In fact, chapter 25 plainly provides for exceptions to the competitive appointment process detailed in its provisions. *See, e.g.,* 3 V.I.C. § 521 (1995) (requiring competitive examinations "[e]xcept as otherwise specified in this chapter"). One such exception is found under section 457, which provides that chapter 25 "shall be subject to the provisions of section 96(a)(c) of [title 3], and chapter 11 of Title 17." 3 V.I.C. § 457 (1995). These latter provisions generally grant authority to the DOE and Board of Education ("BOE") to select and appoint personnel of the DOE. Specifically, title 3, section 96(a)(6) provides that the DOE "shall have authority and jurisdiction to exercise control over the laws relating to education, and shall administer and operate a single school system, including, subject to approval of the Governor, the certification, selection and appointment of [DOE] personnel, except [DOE] professionals, and the activities directly related thereto." Similarly, title 17, section 121 enables the BOE to "prescribe rules and regulations and establish criteria for the certification, selection, and appointment of teachers, supervisors, principals, librarians and other professionals of the [DOE]." A plain reading of these statutes reveals that the Legislature did not intend for DOE employees to be subject to the same competitive appointment process as other employees of the Executive Branch under chapter 25. Rather, it is clear that a DOE employee may be considered a regular employee if he or she is appointed pursuant to the authority granted to the DOE and BOE under the enabling statutes identified in section 457. For these reasons, both the PERB and the Superior Court erred in concluding that, because Williams-Jackson's appointment did not comply with the competitive appointment process established by chapter 25 of title 3, she was not a regular employee.

We are nevertheless still confronted with the question of whether Williams-Jackson was properly appointed to her career service position with the DOE. Inasmuch as Williams-Jackson was hired as Director of the Alternative Education Program, a position with duties similar to those of a school principal, she held a professional position within the DOE and should have been appointed to that position in accordance with the rules and regulations promulgated by the BOE pursuant to title 17, section 121. Section 121-26 of the BOE's Rules and Regulations prescribe the

procedure for appointing DOE education professionals other than teachers and librarians. *See* 17 V.I. CODE R. § 121-26(a) (Weil 1999). Though it is clear that this procedure, and not the one prescribed in chapter 25, generally governs professional appointments to the DOE, the PERB never considered whether it was followed in Williams-Jackson's case.

 Likewise, although the DOE has consistently argued that Williams-Jackson was a contract employee, and both the PERB and the Superior Court ruled that she was a contract employee, neither the DOE, the PERB, nor the Superior Court explained where the DOE derived the authority to hire Williams-Jackson as a "contract employee."

> It is a fundamental principle that government, in an exercise of authority, must derive its power to act from a source which grants it. The Government of the Virgin Islands has the authority over the public education system, and in the exercise of that authority it may hire and fire teachers and administrative personnel, as well as make contracts and carry on other business relating to the public schools. The Legislature has vested this power in the Executive Branch of the government, but has done so with restrictions.

*Whitaker v. Gov't of the V.I.*, 18 V.I. 212, 214 (Terr. Ct. 1982). While the Executive Branch is authorized to make provisional, transition, or emergency appointments to career positions without following the procedures discussed above, these appointments can only be made under limited circumstances and for limited terms. 3 V.I.C. §§ 528, 528a, 529 (1995 and Supp. 2008).[8]

 Thus, the salient questions in this case — whether Williams-Jackson's appointment complied with the specific requirements for hiring DOE professionals and whether the DOE was authorized to hire her as a contract employee — are before this Court without having been considered below. These are questions which go to the heart of the PERB's jurisdictional determination of whether Williams-Jackson was a

---

[8] We note that in *Richardson*, the Third Circuit observed that the career service consists of two subsets: regular employees and probationary employees. *Richardson*, 856 F.2d at 509. It is clear, however, that under sections 528, 528a, and 529 an employee may be appointed to a position in the career service and be neither a regular employee nor a probationary employee.

regular employee entitled to PERB review, and as such the Legislature has entrusted their resolution to the PERB's expertise in the first instance. *See generally* 24 V.I.C. 365(i) (1997) (listing, among other PERB powers and duties, the conduct of hearings on employee complaints); 3 V.I.C. § 530(a) (limiting PERB jurisdiction to complaints filed by regular employees); *see also See* 3 V.I. CODE R. § 530-1(a), (s) (Weil 1999) (providing for PERB jurisdictional review).

> In such circumstances a judicial judgment cannot be made to do service for an administrative judgment. Nor can an appellate court . . . intrude upon the domain which [the Legislature] has exclusively entrusted to an administrative agency. A court of appeals is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry. Rather, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

*I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353, 355, 154 L. Ed. 2d 272 (2002) (citations and quotation marks omitted, ellipses in original).

We conclude that a remand is the appropriate course of action in this case. Again, the PERB's decision is unsupportable based on the reasons presented in its decision, and the Superior Court based its affirmance on those same reasons. The PERB has not yet determined whether Williams-Jackson was properly appointed under the appropriate procedure for DOE professional employees, nor has it determined whether she was properly hired as a contract employee under some other legal authority. These are questions that are best explored and answered, at least initially, by the PERB, the administrative tribunal which "can bring its expertise to bear upon the matter; . . . can evaluate the evidence; . . . can make an initial determination; and, in doing so, . . . can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides." 537 U.S. at 17, 123 S. Ct. at 355-56.

## IV. CONCLUSION

The PERB erred in dismissing Williams-Jackson's appeal based on a lack of jurisdiction and the Superior Court erred in affirming that dismissal. The PERB concluded that Williams-Jackson was not a regular employee, but instead a contract employee, but based these conclusions

on inapplicable authority. The PERB should have determined whether Williams-Jackson was properly appointed under the rules prescribed for professional DOE employees or whether she was appointed as a contract employee under some other legal authority. Because the PERB has yet to consider these questions, we are unable to ascertain whether Williams-Jackson was a regular employee entitled to the PERB's review. Accordingly, the Superior Court's decision affirming the PERB is reversed, the PERB's decision is vacated, and the matter is remanded to the PERB for additional proceedings consistent with this Opinion.