

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**
*******

|  |  |  |
|---|---|---|
| UNITED STEELWORKERS, LOCALS 9488 & 9489, | ) | |
| | ) | CASE NO. SX-15-CV-260 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | PETITION FOR WRIT |
| GOVERNMENT OF THE VIRGIN ISLANDS, | ) | OF REVIEW |
| DIVISION OF PERSONNEL, and PUBLIC | ) | |
| EMPLOYEES RELATIONS BOARD, | ) | |
| | ) | |
| Respondents. | ) | Cite as 2020 V.I. Super 75 U |
| _____ | ) | |

**MICHAEL J. SANFORD, Esq.**
Sanford Amerling & Associates
2191 Church Street
Christiansted, VI 00820-4601
*Attorney for Petitioner*

**HENRY C. SMOCK, Esq.**
SmockLaw, P.C.
P.O. Box 1498
St. Thomas, V.I. 00804
hsmock@smvilaw.com
*Attorney for Public Employees Relations Board*

**ZULEYMA CHAPMAN, Esq.**
Assistant Attorney General - Labor
Office of Collective Bargaining
5001 Chandler's Warf, Suite 10
Christiansted, V.I. 00820
zuleyma.chapman@ocb.vi.gov
*Attorney for Government of the Virgin Islands*

**LARRY RAYMOND ROY, Esq.**
P.O. Box 25435
Christiansted, V.I. 00824
lrroy@viperb.org
*Attorney for Public Employees Relations Board*

**CARTY, RENÉE GUMBS,** Judge

## MEMORANDUM OPINION

¶ 1.    **THIS MATTER** is before the Court upon the Petition for Writ of Review. Petitioners filed

their brief on April 12, 2019.  Respondents, the Government of the Virgin Islands and the Division

of Personnel (hereinafter "Personnel" or "the Government"), filed their Opposition brief on May 10,

2019, and Respondents, the Public Employees Relations Board (hereinafter "PERB"), filed its

Opposition brief on May 23, 2019. Petitioners filed their reply on July 24, 2019.

## A. BRIEF FACTUAL BACKGROUND

¶ 2.    The PERB held hearings on March 10 and 11, 2014, and issued its Decision and Order on

June 29, 2015. Petitioners then instituted this writ of review on July 13, 2015. The appeal has been

timely filed within the 20 days as required by title 24, section 380 of the Virgin Islands Code. The

Court being satisfied in the premises, the PERB's decision is modified in part and upheld in part. The

PERB's decision is modified as it pertains to Ms. Rochelle Benjamin and Ms. Adonna Duggins and

they are permitted to remain in the bargaining unit. However, as it pertains to Ms. Kathleen Simmonds

and Ms. Millicent Aubain, this Court holds that the PERB correctly excluded these employees and

enforces the PERB's decision accordingly.

## B. LEGAL ANALYSIS

### i.    Standard of Review for Writ of Review

¶ 3.    Pursuant to title 24, section 380(a) of the Virgin Islands Code, "any party aggrieved by any

final order of the PERB... may appeal to the Superior Court of the Virgin Islands for review of such

order."[1] In addition, *Williams-Jackson v. Pub. Emps. Relations Bd.*, 52 V.I. 445, 450 (V.I. 2009)

echoed section 380(b) by stating that the Court must review "questions of fact to ascertain whether

the PERB's factual determinations were supported by substantial evidence in the records considered

as a whole."[2] Substantial evidence is evidence such that a reasonable mind would accept as sufficient

---

[1] *See also Pub. Emps. Relations Bd. v. United Indus. Workers-Seafarers Int'l Union*, 56 V.I. 429, 433-34 (V.I. 2012); *Our Virgin Islands Labor Union v. Pub. Emps. Relations Bd.*, 71 V.I. 515, 518 (V.I. Super Ct. 2019); *Frazer v. Police Benevolent Ass'n, Local 816*, 2017 V.I. Lexis 177, at *8-9 (V.I. Super. Ct. June 7, 2017).
[2] 24 V.I.C. §380(b).

*United Steelworkers, Locals 9488 & 9489 v.*             Cite as 2020 V.I. Super 75 U
  *G.V.I., Division of Personnel et al.*
**Case No. SX-15-CV-260**
**Memorandum Opinion**

to support the PERB's decision.[3] The primary role of the Court in reviewing a PERB decision is to ultimately "enforce the order, modify the order and enforce it, set the order aside, or return the matter to the PERB with instructions for further proceedings."[4]

## ii.     Parties' Arguments

¶ 4.     Petitioners, in their brief, argue that the issues of access to confidential information as it pertains to Rochelle Benjamin, Financial Management Supervisor; Adonna Duggins, Personnel Records Management Supervisor; Kathleen Simmonds, Supervisor of Recruitment and Classification; and Millicent Aubain, Territorial Administrator, Recruitment and Classification do not implicate any labor relations or collective bargaining matters. They argue that the PERB incorrectly barred them from remaining in the collective bargaining unit because of their alleged classification as confidential employees.

¶ 5.     The Government, in its Opposition, argued the following points: (1.) much like other jurisdictions have outlined, because the employees in question are Personnel employees and thus are confidential personnel, this alone should be sufficient to exclude them from the bargaining unit,[5] (2.) inclusion in the collective bargaining unit is a fundamental conflict of interest because these Personnel employees are subject matter experts on issues that implicate labor relations and collective bargaining proceedings and their dual role as government employees and union participants disadvantages the government when it comes to union issues,[6] and (3.) their job duties render them as confidential

---

[3] *Williams-Jackson v. Pub. Emps. Relations Bd.*, 52 V.I. 445, 450 (V.I. 2009) (citing *Lockhart v. Matthew*, 250 F. Supp.2d 403, 412-13 (D.V.I. 2002).
[4] 24 V.I.C. 380(c).
[5] Government's Brief, pp. 4 & 5 (citing statutory provisions from other jurisdictions that explicitly exclude PERSONNEL employees from bargaining unit. These jurisdictions include Delaware, D.C., Iowa, Montana, Ohio, and Pennsylvania).
[6] *See generally* Government's Brief, pp. 6-8. Elaborating that DOP personnel oversee collective bargaining issues such as "terminations, suspensions, demotions, reprimands, promotions, job classifications, employee certifications, employee

*United Steelworkers, Locals 9488 & 9489 v.*           Cite as 2020 V.I. Super 75 U
   *G.V.I., Division of Personnel et al.*
**Case No. SX-15-CV-260**
**Memorandum Opinion**

employees and based on prior PERB cases, these employees cannot be placed in these bargaining units due to their continued exposure to confidential personnel information.[7] In similar fashion, Respondent PERB also filed an opposition brief, reiterating that in accordance with its own precedent, the confidential nature of these employees' jobs necessitated exclusion from the bargaining unit.[8]

### iii. The first question for this Court is whether the employees are confidential employees.

¶ 6.     In *NLRB v. Hendricks Cty. Rural Elec. Mbrshp. Corp.*, 454 U.S. 170 (1981), the U.S. Supreme Court held that the "labor nexus test" is the appropriate test in determining the eligibility of confidential employees to participate in collective bargaining units under the National Labor Relations Act (hereinafter "NLRA"). In particular, the labor nexus test looks at whether the confidential employee "formulates, determines, or effectuates management policies in the field of labor relations."[9] An employee's status as a confidential employee is a question of fact that is reviewed using the standard of substantial evidence. *NLRB v. Meenan Oil Co., L.P.*, 139 F.3d 311, 317 (2d. Cir. 1998). In order to be classified as a confidential employee, it is insufficient that the employee is exposed to confidential, sensitive information; a confidential employee classification requires more: that (1.) the confidential information is information that the Union has no advance knowledge of or access to, and (2.) directly implicates grievance proceedings, collective bargaining issues, contractual negotiations, and other labor relations functions.[10] Many courts have narrowly construed the definition of confidential employees and have continuously cautioned against a broader

---

testing, desk audits, working out of classification determinations, salary adjustments, step increases, job descriptions, eligibility certification, trainings, and interpretation of the personnel rules and regulations.").
[7] Government's Brief, pp. 9-10.
[8] *See generally PERB's Brief.*
[9] *NLRB v. Hendricks Cty. Rural Elec. Mbrshp. Corp.*, 454 U.S. 170, 194-95 (1981).
[10] *Meenan Oil Co., L.P.* at 317-18, (citing cases that clearly identify the areas that are covered under the umbrella of labor relations).

*United Steelworkers, Locals 9488 & 9489 v.*                    Cite as 2020 V.I. Super 75 U
    *G.V.I., Division of Personnel et al.*
**Case No. SX-15-CV-260**
**Memorandum Opinion**

scope in order to prevent the unnecessary exclusion of employees from the protections of the bargaining unit; thus, even if an employee may have access to confidential information, if it concerns internal, routine, and administrative business operations, proximity to such confidential information does not render that employee as confidential. *Westinghouse Elec. Corp. v. NLRB*, 398 F.2d 669, 670-71 (6th Cir. 1968).The rationale behind exclusion was well iterated in *Hendricks*: "management should not be required to handle labor relations matters through employees who are represented by the union with which the [company] is required to deal and who in the normal performance of their duties may obtain advance information of the [company's] position with regard to contract negotiations, the disposition of grievances, and other labor relations matters." *Hendricks*, 454 U.S. at 179. *See also Westinghouse Elec. Corp.*, 398 F.2d at 670. Therefore, for this Court, the record must demonstrate that (1.) these four individuals have access to or possess advance knowledge of confidential data, and (2.) the confidential information must be related to labor disputes or collective bargaining issues. A finding of both criteria then favors exclusion from the collective bargaining unit.

> **iv.    The second question for this Court concerns whether these employees possess supervisory status.**

According to title 29 U.S.C. §152(11)[11], a supervisor is:

> any individual having authority, in the interest of the employer to hire, transfer, suspend, layoff, recall, promote, discharge, assign, reward, or discipline other employees, or responsibility to direct them or to adjust their grievances, or effectively to recommend such action, if, in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

¶ 7.    Further, the U.S. Supreme Court in *NLRB v. Health Care & Ret. Corp. of Am.*, 511 U.S. 571, 573- 74 (1994) elucidated that when determining an employee's supervisory status, the employee in

---

[11] *See also* 24 V.I.C. §362 (p).

*United Steelworkers, Locals 9488 & 9489 v.*                    Cite as 2020 V.I. Super 75 U
    *G.V.I., Division of Personnel et al.*
**Case No. SX-15-CV-260**
**Memorandum Opinion**

question must first possess the authority to engage in any of the 12 indicia of supervisory functions, then, their exercise of such authority must not be merely routine or clerical in nature, but must require the use of independent judgment, and lastly, that authority must be exercised in the interest of the employer. Moreover, many jurisdictions, including the Virgin Islands, have repeatedly recognized that the employee must qualify as a supervisor based on actual duties and responsibilities rather than job descriptions and formal titles, but the employee need only perform "one of the statutory supervisory functions to qualify as a supervisor." *See, e.g., NLRB v. Kentucky River Cmty. Care, Inc.,* 532 U.S. 706, 713 (2001); *Warner v. Kmart Corp.,* 2009 U.S. Dist. Lexis 44502, at *66-67 (D.V.I. May 27, 2009); *Fraser v. Kmart Corp.,* 2009 U.S. Dist. Lexis 35253, at *31-32 (D.V.I. Apr. 23 2009); *Charles v. CBI Acquisitions, LLC,* 2016 V.I. Lexis 62, at *21-22 (V.I. Super. Ct. May 9, 2016); *Webster v. CBI Acquisitions, LLC,* 2012 V.I. Lexis 9, at 7-9 (V.I. Super. Ct. Mar. 5, 2012). Accordingly, the existence of supervisory status favors exclusion from a collective bargaining unit.

## C. APPLICATION TO THE FOUR (4) EMPLOYEES

### i.    Rochelle Benjamin- Financial Management Supervisor

¶ 8.    The Court's analysis is as follows. Concerning whether Ms. Benjamin is a confidential employee, this Court is in agreement with Petitioners. In applying the labor nexus test, Respondents have failed to show that Ms. Benjamin is privy to labor relation matters as instructed by *Hendricks.* Ms. Benjamin does have access to confidential financial data as the Government described that Ms. Benjamin (1.) is the primary fiscal officer for the agency, (2.) presents and formulates the budget, (3.) prepares data in relation to costs and services performed, (4.) provides recommendations on fiscal and spending matters, and (5.) computes and determines financial scenarios in the event of a potential

*United Steelworkers, Locals 9488 & 9489 v.*
   *G.V.I., Division of Personnel et al.*
**Case No. SX-15-CV-260**
**Memorandum Opinion**

Cite as 2020 V.I. Super 75 U

layoff, among other responsibilities.[12] However, what is lacking to this Court is the nexus with labor relations. As previously mentioned in *Hendricks* and reinforced in the numerous cases cited in Respondents' briefs, labor relations matters are typically evident in labor disputes such as mediation, arbitration and other negotiations hearings, the disposition of grievances including disciplinary hearings, discharges, layoffs, salary negotiations, and other contractual matters involving collective bargaining.[13] Here, the testimony provided demonstrates that Ms. Benjamin has never been involved in these labor relations matters in the actual performance of her duties. It is abundantly clear that Ms. Benjamin has no input or any prior knowledge of the outcome of grievances, layoff determinations, or contractual negotiations and she offers no assistance in the determination nor implementation of who is laid off; instead, she merely computes the costs of any attempted or undertaken action. Ms. Benjamin primarily operates in an advisory capacity with respect to specific issues dealing with use of the Division's internal finances. Altogether, although Ms. Benjamin may be exposed to sensitive, confidential financial information in the course of her normal job duties, the Court finds that she is not a confidential employee as defined by the NLRA because she does not possess any advance knowledge of or involvement in matters relating to the field of labor relations. In sum, Respondents have failed to show how Ms. Benjamin's position impacts the field of labor relations as instructed by the *Hendricks* case.

¶ 9.    To Ms. Benjamin's classification as a supervisor, the Court finds no evidence of Ms. Benjamin exercising independent judgment. Ms. Benjamin's case to this Court is reminiscent of Ms. Logan, the

---

[12] Government's Brief, pp. 11-12, PERB's Brief, pp. 15-16. *See also* Petitioner's Brief, pp. 16-18 (noting that Ms. Benjamin testified that she advises on the Division of Personnel's budgetary capabilities and constraints regarding an intended course of action by mathematically computing scenarios, then she reports her findings to the Director, and also approves payroll by crosschecking the numbers before sending it for approval to Department of Finance).
[13] *See* Government's Brief, pp. 11-12.

*United Steelworkers, Locals 9488 & 9489 v.*
   *G.V.I., Division of Personnel et al.*
**Case No. SX-15-CV-260**
**Memorandum Opinion**

Cite as 2020 V.I. Super 75 U

Director of Operations in St. Croix, where the PERB found that she was not to be excluded from the bargaining unit.[14] Although Ms. Benjamin operates in the financial aspect, their duties have echoes of similarity: computing and approving payroll, compiling, coordinating and collating data. In reference to the budget and Personnel's fiscal capability, Ms. Benjamin prepares statistical information as requested by the Director, provides estimates for budgetary review, creates financial reports, even as far as advising the Director on whether there are adequate funds within the budget for an attempted course of action. All of these duties ultimately read as routine and clerical in nature, there is nothing in the job descriptions enumerated above that demonstrates that Ms. Benjamin employed the use of independent judgment. This Court is satisfied that even though her position confers the title of "supervisor," it is clear that there is nothing in the scope of her actual job duties that lends itself to utilizing independent judgment. Thus, drawing on all available inferences, this Court finds that she is a supervisor in name, not in duties, and "simply [holds] a higher position on the employee totem-pole."[15] Her job duties render her as a "conduit for information and [she] exercises no judgment in passing along any information she possesses to management."[16] In sum, her titular designation is insufficient to exclude her from the collective bargaining unit on the basis of supervisory status. Therefore, this Court holds that Ms. Rochelle Benjamin should be included in the bargaining unit.

---

[14] *See* Petitioner's Brief, pp. 11-12 (highlighting that both women seem to possess similar job responsibilities but in alternate fields, yet Ms. Logan was allowed to remain in the bargaining unit while Ms. Benjamin was excluded).
[15] *Fraser v. Kmart Corp.*, 2009 U.S. Dist. Lexis 35253, at *34 (D.V.I. Apr. 23, 2009).
[16] *NLRB v. Meenan Oil Co., L.P.*, 139 F.3d 311, 322 (2d Cir. 1998).

### ii.     Adonna Duggins - Personnel Records Management Supervisor

¶ 10.    The Court holds the same for Ms. Duggins.    The evidence presented in the record is insufficient to favor exclusion from the bargaining unit on the basis that she is a confidential employee. Petitioners contend that, much in line with the reasoning from *Hendricks*, Ms. Duggins' job duties bear no impact on the field of labor relations.[17] It is undisputed that Ms. Duggins is exposed to confidential information vis a vis the Notice of Personnel Action forms (hereinafter "NOPA"); however, access to such confidential information is insufficient to confer confidential employee status and subsequent exclusion from the collective bargaining unit.[18] Respondents PERB and the Government merely allude, without any supportive evidence, to the fact that her knowledge of NOPAs exposes her to "information that is not already known to the union."[19] In addition, they claim that she is regularly consulted for "information and guidance pertaining to grievance and arbitration hearings" but, again, as seen above, the testimony provided in fact shows the opposite; although she is primarily regarded as a NOPA expert, the record shows that she has never been involved or consulted in any grievance proceedings and she is not privy to any other contractual proceedings implicating the field of labor relations.[20] Instead, her scope of knowledge and wealth of expertise is limited to handling NOPAs. She merely applies already established policy to address NOPA-specific issues: preparing, processing, correcting, reviewing, advising, and verifying.[21] Altogether, although

---

[17] *See generally* Petitioner's Brief, pp. 20-23.
[18] *Meenan Oil*, 139 F.3d at 317 (stating that "employees who have access to confidential business information are not excludible from collective bargaining units" because determining confidential employee is narrow in scope to access to confidential information that is labor related).
[19] Government's Brief, pp. 12-13.
[20] Government's Brief, p. 13, Petitioner's Brief, pp. 20-22 (emphasizing that Ms. Duggins responded in the negative when asked about whether she has been consulted "to provide historical data about negotiations," whether she "provided any data to assist in negotiations," and  whether she "is involved in any grievance proceedings.").
[21] *See* PERB's Brief, p. 16. Petitioner's Brief, pp. 21- 22 (detailing the standardized process that Ms. Duggins undergoes in her work with NOPAs).

*United Steelworkers, Locals 9488 & 9489 v.*
  *G.V.I., Division of Personnel et al.*
**Case No. SX-15-CV-260**
**Memorandum Opinion**

Cite as 2020 V.I. Super 75 U

Ms. Duggins has access to confidential information, knowledge of such confidential information does not in itself render her a confidential employee because there is no evidence demonstrating that her access to other employees' confidential information contained in the NOPA is unknown to the union or that her access to the NOPAs gives her prior knowledge of any "advance information of the company's position with regards to contract negotiations, the disposition of grievances, and other labor relations matters." Therefore, this Court finds that the PERB incorrectly excluded Ms. Adonna Duggins from the collective bargaining unit on the incorrect premise that she is a confidential employee and modifies the PERB's decision.

¶ 11.   To the determination of whether Ms. Duggins' position confers supervisory status, again, the Court is satisfied based on the evidence presented, that Ms. Duggins is not sufficiently categorized as a supervisory employee. Unlike Ms. Benjamin, what is missing for the Court is evidence that satisfies one of the 12 indicia of supervisory functions as outlined by the statute.  The record is absolutely bare of any evidence or information that depicts Ms. Duggins acting in any of the enumerated supervisory capacities. As such, the Court is not in a position to reasonably infer that she is a supervisor. Accordingly, the Court modifies the PERB's Decision and Order and holds that Ms. Adonna Duggins does not meet the criteria for supervisory status and should be properly included in the collective bargaining unit.

### iii.    Kathleen Simmonds (Supervisor, Recruitment and Classification) and Millicent Aubain (Territorial Administrator, Recruitment and Classification)

¶ 12.   As it pertains to Ms. Simmonds and Ms. Aubain, both parties repeatedly emphasized that their jobs are essentially similar, as such, this Court rules that their analysis is one and the same. The evidence presented is sufficient to render them as confidential employees.  First, much like Ms. Benjamin and Ms. Duggins, both employees here have access to confidential data. Second, but unlike

*United Steelworkers, Locals 9488 & 9489 v.*
  *G.V.I., Division of Personnel et al.*
**Case No. SX-15-CV-260**
**Memorandum Opinion**

Cite as 2020 V.I. Super 75 U

Ms. Benjamin and Ms. Duggins, both employees are involved in matters of labor relations. Ms. Simmonds testified that her job "involved determining whether individuals are qualified for vacant positions."[22] But Respondents countered that in addition to those duties, she also "rates jobs specifics and establishes grades which directly impact salaries, she formulates the Certification of Eligibility, and often signs for the Director."[23] These matters -eligibility standards, job descriptions, grade and salary designations- that these employees oversee directly impact collective bargaining and labor relations matters. As such, the PERB correctly ruled that they are confidential employees to be excluded from the collective bargaining unit.

¶ 13. In regard to their classification as supervisory employees, Petitioners' arguments also fail. In Petitioners' brief, the parties argued that nothing in the course of Ms. Simmonds' or Ms. Aubain's duties require the exercise of independent judgment. The Court need not even go that far. They oversee a host of personnel operations because they "supervise personnel records clerks, personnel representatives, and all series of personnel analysts" and are oftentimes involved in high level human resources meetings.[24] Based on the testimony, it is also clear that they are explicitly involved, to some degree, in hiring and promoting other employees or even at minimum, recommending a course of action with respect to hiring or promoting an employee, thereby satisfying the first prong in determining supervisory status. Secondly, this Court is well satisfied that they exercise independent judgment in the proper execution of their duties. With respect to Ms. Kathleen Simmonds and Ms. Millicent Aubain, this Court holds that the PERB ruled correctly in deciding that they are both

---

[22] Petitioner's Brief, pp.24- 26.
[23] Government's Brief, pp. 10-11.
[24] *See* Government's Brief, p. 11.

*United Steelworkers, Locals 9488 & 9489 v.*
*G.V.I., Division of Personnel et al.*
**Case No. SX-15-CV-260**
**Memorandum Opinion**

Cite as 2020 V.I. Super 75 U

confidential employees and supervisors, thus warranting exclusion from the collective bargaining unit.

### D. CONCLUSION

¶ 14.    Based on the evidence presented and applying the appropriate standard of review, nothing presented to this Court shows how Ms. Rochelle Benjamin and Ms. Adonna Duggins satisfy the second prong of the labor nexus test, that they "formulate, determine, or effectuate management policies in the field of labor relations." It is clear that both employees have access to private, confidential, and sensitive information such as salaries, Personnel's finances, employee personal information, among other information. However, the Court derived no further inference that they are involved in the field of labor relations: there was no evidence proffered that they participate in collective bargaining negotiations, that they were involved in grievance and disciplinary proceedings, or that they were active participants in contractual negotiations or union hearings. As such, a failure to satisfy both parameters necessary to sustain a finding of a confidential employee leads this Court to modify the PERB's Decision, and permit Ms. Rochelle Benjamin and Ms. Adonna Duggins to participate in the collective bargaining unit. Moreover, both employees also do not meet the requirements for supervisory status. Although it can be garnered that they possibly direct some other employees in the execution of their duties, the authority to direct those employees seems, to this Court, to be rather routine and clerical in nature and not warranting the exercise of any independent judgment. Consequently, this Court also modifies the PERB's Decision with regards to Ms. Rochelle Benjamin and Ms. Adonna Duggins as non-supervisory employees; thus, granting them the ability to participate in the collective bargaining unit.

*United Steelworkers, Locals 9488 & 9489 v.*
  *G.V.I., Division of Personnel et al.*
**Case No. SX-15-CV-260**
**Memorandum Opinion**

Cite as 2020 V.I. Super 75 U

¶ 15.    On the other hand, Ms. Kathleen Simmonds and Ms. Millicent Aubain both satisfy the criteria for confidential employees and supervisors.  They are involved, to a substantial degree, in the parameters for hiring, determining eligibility for employees, as well as inputting data for salaries and job descriptions, all of which directly affect labor relations.  Furthermore, they are high level employees and clearly supervisors in their duties and not only in name.  Therefore, this Court enforces the PERB's decision to exclude them from the collective bargaining unit.

An Order consistent with this Memorandum Opinion will be issued on even date.

Dated; August 13, 2020

**ATTEST:**
Tamara Charles
Clerk of the Court

By:
Donna D. Donovan
Court Clerk Supervisor  8 / 17 2020

Renée Gumbs Carty
Judge of the Superior Court
of the Virgin Islands

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX
*******

UNITED STEELWORKERS, LOCALS 9488 & 9489, )
                                             )
                       Petitioner, )
                                             )
             vs. )
                                             )
GOVERNMENT OF THE VIRGIN ISLANDS, )
DIVISION OF PERSONNEL, and PUBLIC )
EMPLOYEES RELATIONS BOARD, )
                                            )
                 Respondents. )
_____)

CASE NO. SX-15-CV-260

PETITION FOR WRIT
OF REVIEW

Cite as 2020 V.I. Super 75 U

## ORDER

**AND NOW,** for the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the PERB's Decision and Order dated June 29, 2015, is hereby

**AFFIRMED in part** and **REVERSED in part**; and it is further

**ORDERED** that a copy of this Order shall be served on Michael J. Sanford, Esquire, Henry

C. Smock, Esquire, Zuleyma Chapman, Esquire, and Larry Raymond-Roy, Esquire.

Date: August 13, 2020

ATTEST:
Tamara Charles
Clerk of the Court
By:
Donna D. Donovan
Court Clerk Supervisor  8/17/2020

Renée Gumbs Carty
Judge of the Superior Court
of the Virgin Islands